[Cite as *Agnew v. Muhammad*, 2014-Ohio-3419.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100599**

---

**LENA AGNEW**

PLAINTIFF-APPELLEE

vs.

**JACQUELINE MUHAMMAD, ET AL.**

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
East Cleveland Municipal Court
Case Nos. 12 CVI 01012 and 12 CVI 01013

**BEFORE:** E.T. Gallagher, J., Boyle, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 7, 2014

**ATTORNEY FOR APPELLANTS**

Russell A. Moorhead
614 West Superior Avenue, Suite 860
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

John J. Duffy
John J. Duffy & Associates
Brendan Place
23823 Lorain Road, Suite 270
North Olmsted, Ohio 44070

Lena Agnew, pro se
3743 Beacon Drive
Beachwood, Ohio 44122

EILEEN T. GALLAGHER, J.:

{¶1} Defendants-appellants, Jacqueline Muhammad and Darcelia Durrah ("appellants"), appeal the trial court's judgment against them in East Cleveland Municipal Court, and in favor of plaintiff-appellee, Lena Agnew ("appellee"). Finding no merit to the appeal, we affirm.

{¶2} Appellants and appellee own parcels of residential land on Terrace Road (a.k.a. Terrace Drive) in East Cleveland. Terrace Road is an undedicated private road with a total of eight real property owners. The road itself is part asphalt, part gravel, and part dirt. Terrace Road's undedicated status means that the city of East Cleveland is not responsible for the maintenance of the road. In 1999, due to the road's undedicated status and the need for improvements, the property owners along Terrace Road entered into a Private Drive Maintenance Agreement ("the Agreement"), which was subsequently publicly recorded.[1]

{¶3} The Agreement provides for an easement upon the parcels of property, allowing all of the homeowners access to their parcels. It provides that the homeowners shall not obstruct the easement. In addition, the Agreement provides that the parties share in the reasonable cost of maintaining and repairing the road,

---

[1] The Agreement was executed on April 22, 1999, and recorded with the Cuyahoga County Recorder's Office on April 29, 1999, Instrument No. 199904290658.

and that the cost be divided seven ways, due to one of the homes being vacant. The Agreement provides:

> That each Homeowner shall be responsible for paying one seventh of the reasonable cost of maintaining and repairing the easement known as Terrace Drive, except for any damage other than the ordinary wear and tear caused by any party shall be paid for by such party[.]

Furthermore, the Agreement specifies that it is binding upon all heirs and assigns of the properties.

{¶4} Appellants allege that in 2006, appellee and her husband began to unilaterally control the repair and maintenance of the road, whereas prior to 2006, the process had been more of a group-led endeavor. Appellants allege that prior to 2006, repairs and maintenance occurred at the agreement and convenience of all of the homeowners, taking financial circumstances of the homeowners into consideration.

{¶5} Appellants argue that after 2006, they were not properly included in meetings or in decisions regarding repairs and maintenance, and therefore, they should not be responsible for contributing to the costs. In 2012, after a large repair project was performed on the road, when approached about their share of the cost, appellants refused to contribute. In November 2012, appellee filed suit against appellants in small claims court in East Cleveland Municipal Court.

**{¶6}** In February 2013, a hearing was held. In April 2013, the magistrate entered a decision in favor of appellee. In September 2013, the trial court overruled appellant's objections to the magistrate's decision and motion for a continuance, which were filed in June 2013, and adopted the magistrate's decision in its entirety. Both appellants were ordered to pay appellee $1,943 each, plus interest at 3 percent until paid in full.

**{¶7}** Appellants now appeal, raising two assignments of error.[2]

## Ambiguity of the Agreement

**{¶8}** In their first assignment of error, appellants argue that the trial court committed reversible error by granting judgment in favor of appellee because the Agreement is ambiguous as to the meaning of "reasonable costs." Appellants argue that the ambiguity of the word "reasonable" results in the Agreement being unenforceable.

**{¶9}** An easement is a property interest in the land of another that allows the owner of the easement a limited use of the land in which the interest exists. *McCumbers v. Puckett*, 183 Ohio App.3d 762, 2009-Ohio-4465, 918 N.E.2d 1046 (12th Dist.). "An easement may be created by specific grant, prescription, or implication that may arise from the particular set of facts and circumstances."

---

[2] No appellee brief was filed.

*Fitzpatrick v. Palmer*, 186 Ohio App.3d 80, 2009-Ohio-6008, 926 N.E.2d 651, ¶ 22 (4th Dist.).

{¶10} "A written easement that contains an express grant will be interpreted based upon the language contained in that grant." *Johnson v. Keith*, 12th Dist. Clermont No. CA2012-04-032, 2013-Ohio-451, ¶ 35, citing *Proffitt v. Plymesser*, 12th Dist. Brown No. CA2000-04-008, 2001 Ohio App. LEXIS 2801 (June 25, 2001). When interpreting the terms of a written easement, the court must follow the ordinary rules of contract construction so as to carry out the intent of the parties as demonstrated by the language in the contract. *Lakewood Homes v. BP Oil, Inc.*, 3d Dist. Hancock No. 5-98-29, 1999 Ohio App. LEXIS 3924 (Aug. 26, 1999).

> "A deed is presumed to express the intention of the parties and it is the duty of the court to search for the meaning intended to be expressed in the deed. For that purpose, the court may read it in light of circumstances that surrounded the parties at the time of execution." *Robinson*, 1988 Ohio App. LEXIS 4218, [WL] at *3, citing *Bobo & Sry v. Wolf*, 18 Ohio St. 463 (1869). Where the deed is ambiguous, the court will try to ascertain the parties' intention through the rules of construction. *Hinman v. Barnes*, 146 Ohio St. 497, 66 N.E.2d 911 (1946).

*Johnson* at ¶ 36.

{¶11} Appellants cite to *Johnson* to support their contention that "reasonable costs," as contained in the Agreement, is a phrase so ambiguous as to make the Agreement unenforceable. However, in *Johnson*, the court ruled that "reasonable *maintenance*" was ambiguous and therefore, that aspect of the agreement in that

case was unenforceable. The instant case is easily distinguishable because reasonable costs do not lack objective standards the way the meaning of maintenance does. We find "reasonable costs" to not be so ambiguous as to prevent the trial court from enforcing the Agreement in the instant case.

{¶12} Furthermore, we find that appellee set forth sufficient evidence of the cost of the repairs, the different stages of the repairs, and the multiple estimates that were received prior to choosing the contractor that eventually performed the repairs. We find that the trial court based its findings on the evidence presented during the hearing. Having reviewed the record, we find that appellants failed to rebut appellee's evidence that the repairs were necessary and that the costs associated with completing those repairs were in fact reasonable. *See Reynolds v. Bauer*, 2d Dist. Montgomery No. 21179, 2006-Ohio-2912.

{¶13} Accordingly, appellant's first assignment of error is overruled.

### Abuse of Discretion

{¶14} In their second assignment of error, appellants argue that the trial court erred in adopting the magistrate's decision because it was against the manifest weight of the evidence.

{¶15} The standard of review on appeal from a decision of a trial court adopting a magistrate's decision is whether the trial court abused its discretion. *Butcher v. Butcher*, 8th Dist. Cuyahoga No. 95758, 2011-Ohio-2550, ¶ 7, citing

*O'Brien v. O'Brien*, 167 Ohio App.3d 584, 2006-Ohio-1729, 856 N.E.2d 274 (8th Dist.). An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶16} Although appellant's second assignment of error is presented by utilizing "manifest weight of the evidence" language, this court reiterates that the proper standard of review for a trial court judgment that adopts a magistrate's decision is abuse of discretion, and the instant appeal will be properly reviewed under this standard.

{¶17} Appellants argue that the trial court erred in adopting the magistrate's decision because appellee had failed to support the elements of her claim with adequate evidence at the trial level. Appellants argue that appellee failed to prove that she had authorization from the homeowners to have the road repaired in 2012. However, the record contains evidence of multiple attempts at communications between appellee and appellants. Having reviewed the testimony and documents submitted as evidence, appellants have failed to demonstrate an abuse of discretion on the trial level.

{¶18} Appellants also argue that the trial court erred because it cited two cases that appellants argue are distinguishable from the instant case. Both *McCoy*

*v. Good*, 2d Dist. Clark No. 06-CA-34, 2007-Ohio-327, and *Reynolds v. Bauer*, 2d Dist. Montgomery No. 21179, 2006-Ohio-2912, although factually distinguishable, were cited by the trial court in support of the court's ruling that costs can be determined to be reasonable in the course of litigation. As discussed above, the cases both illustrate that the term "reasonable costs" can be determined by a lay person and that the phrase itself is not so ambiguous as to nullify an agreement like the one in the instant case.

{¶19} Thus, we find that appellants have failed to illustrate that the trial court abused its discretion in adopting the magistrate's decision. Accordingly, appellant's second assignment of error is overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the East Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and

MARY EILEEN KILBANE, J., CONCUR