[Cite as *Ron Christopher Co., Inc. v. Borruso*, 2017-Ohio-9033.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ron Christopher Co., Inc., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-369 |
| v. | : | (C.P.C. No. 16CV-3510) |
| Anthony L. Borruso, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 14, 2017

**On brief:** *Cox Law Office*, and *Michael T. Cox*, for appellee.

**On brief:** *Kohrman Jackson & Krantz LLP*, *Samir B. Dahman* and *Alexis V. Preskas*, for appellant.

APPEAL from the Franklin Count Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Anthony L. Borruso, appeals from the April 21, 2017 decision of the Franklin County Court of Common Pleas denying his motion for relief from judgment. Because the trial court did not abuse its discretion in finding that appellant failed to establish excusable neglect, we affirm.

{¶ 2} On April 11, 2016, plaintiff-appellee, Ron Christopher Co., Inc. ("Christopher"), filed a complaint attempting to collect fees from Borruso for breach of contract and other related claims. A return of service was filed on April 29, 2016. When Borruso failed to answer the complaint within 28 days, Christopher filed a motion for

default judgment. The trial court denied the motion as moot after it accepted an untimely filed answer from Borruso.

{¶ 3} Christopher served Borruso with requests for admissions, interrogatories, and request for production of documents. Borruso failed to respond to these requests. On January 17, 2017, Christopher filed a motion for summary judgment, based in part on default admissions under Civ.R. 36. No memorandum in opposition was submitted by Borruso. On February 23, 2017, the trial court granted the motion for summary judgment and awarded Christopher $66,400 plus interest.

{¶ 4} On March 10, 2017, Borruso filed a motion for relief from judgment. He argued that he made a mistake in calendaring the proper response time to file his opposition to the motion for summary judgment and that this mistake constituted excusable neglect. He further alleged that he prepared responses to Christopher's request for admissions and instructed an associate to serve them on appellee but that the associate failed to do so. Borruso also claimed to have a meritorious defense under Florida law which rendered the contract invalid.

{¶ 5} The trial court denied the motion for relief from judgment. It found that Borruso's failure to respond to Christopher's motion for summary judgment was not the result of excusable neglect and, therefore, Borruso failed to meet the requirements of Civ.R. 60(B).

{¶ 6} Borruso appealed that judgment, asserting the following assignment of error:

> The trial court abused its discretion when it denied Appellant's Rule 60(B) motion for relief as its decision that Appellant's failure to timely answer requests for admissions or respond to Appellee's motion for summary judgment did not constitute excusable neglect was unreasonable.

{¶ 7} Borruso argues that the trial court erred when it denied his motion for relief from judgment filed pursuant to Civ.R. 60(B)(1). Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

> under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 8} To prevail on a Civ.R. 60(B) motion, a party must demonstrate that: (1) it has a meritorious claim or defense to present if the court grants it relief; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) it filed the motion within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If the moving party fails to demonstrate any of these three requirements, the trial court should overrule the motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). A trial court exercises its discretion when ruling on a Civ.R. 60(B) motion, and, thus, an appellate court will not disturb such a ruling absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶ 9} Here, Borruso sought relief under Civ.R. 60(B)(1), which allows a trial court to relieve a party from a judgment on a showing of "mistake, inadvertence, surprise or excusable neglect." The Supreme Court of Ohio has defined "excusable neglect" in the negative, stating "that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996), quoting *GTE Automatic Elec., Inc.* at 153. The inquiry into whether a moving party's inaction constitutes excusable neglect must take into consideration all the individual facts and circumstances in each case. *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980).

{¶ 10} Civ.R. 60(B) is a remedial rule and should be liberally construed. *Id.* at 248. In most cases in which a court has found excusable neglect, the court has also found that special or unusual circumstances justified the neglect. *See Dispatch Printing Co. v.*

*Recovery Ltd. Partnership*, 10th Dist. No. 14AP-640, 2015-Ohio-1368, ¶ 13. In other cases, excusable neglect may be established when a party has no knowledge nor actual notice of the lawsuit. *Id.* at ¶ 15. A movant, although not required to submit evidence in support of a motion for relief from judgment, must do more than make bare allegations that he or she is entitled to relief. *Kay* at 20.

{¶ 11} Borruso argues that his failure to timely respond to the motion for summary judgment was the result of his incorrectly calendaring the response date. He also contends that his failure to respond to the request for admissions was due to an associate's failure to serve them on Christopher. Because Civ.R. 60(B) is remedial and should be liberally construed and because he was pro se and resided out-of-state during the trial court proceedings, Borruso argues that his "inaction" does not amount to a complete disregard for the judicial system. He maintains that the trial court abused its discretion in denying his motion for relief from judgment. We disagree.

{¶ 12} It is undisputed that Borruso had knowledge of the lawsuit and received Christopher's motion for summary judgment. He alleged that his failure to respond to the motion for summary judgment was due to miscalendaring the response date. The trial court, however, reasonably could have classified this failure as "mere neglect" as opposed to excusable neglect. In his affidavit, Borruso did not allege any special, disruptive, or unusual circumstances that caused him to incorrectly record the filing deadline or to fail to respond to the motion for summary judgment. Moreover, calendar errors in recording a deadline or court date have generally been found insufficient to establish excusable neglect. *ALRI, Inc. v. Martin*, 11th Dist. No. 2007-A-0055, 2008-Ohio-3986, ¶ 28.

{¶ 13} Nor does Borruso being pro se before the trial court or residing out-of-state justify a finding of excusable neglect. *DJL, Inc. v. Massingille*, 8th Dist. No. 96644, 2011-Ohio-6281, ¶ 24; *Kidz Bop LLC v. Broadhead*, 1st Dist. No. C-140686, 2015-Ohio-3744, ¶ 13; *Brown v. Akron Beacon Journal Publishing Co.*, 81 Ohio App.3d 135 (9th Dist.1991) (out-of-state attorney's failure to timely file opposition to summary judgment due to unfamiliarity with the local rules of court was not excusable neglect).

{¶ 14} In addition, Borruso's failure to respond to the motion for summary judgment was not his only missed deadline. He did not answer the complaint until after Christopher had filed for default judgment, and he did not respond to discovery requests,

including requests for admissions, until filing his motion for relief from judgment. Repeatedly missing filing deadlines is conduct that a trial court could reasonably construe as demonstrating a complete disregard for the judicial system. *See Woodson v. Carlson*, 9th Dist. No. 20296 (May 9, 2001).

{¶ 15} We conclude that the trial court did not abuse its discretion in denying the motion for relief from judgment. Borruso failed to demonstrate any special or unusual circumstances existed to support a finding of excusable neglect. Instead, the repeated missed deadlines indicated a complete disregard for the judicial system. We, therefore, overrule Borruso's sole assignment of error.

{¶ 16} For the foregoing reasons, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.

————————