[Cite as *Nationstar Mtge., L.L.C. v. Jessie*, 2021-Ohio-439.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

NATIONSTAR MORTGAGE L.L.C.,　　　:

　　　Plaintiff-Appellee,　　　　:

　　　　　　　　　　　　　　　　　　No. 109394

　　　v.　　　　　　　　　　　　:

D'ANDRE L. JESSIE, ET AL.,　　　:

　　　Defendants-Appellants.　　:

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 18, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-886469

---

## *Appearances:*

Reimer Law Co. and Mike L. Wiery, *for appellee.*

Sam A. Zingale, *for appellants.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendants-appellants, D'Andre Jessie and Emma Warner, appeal the trial court's judgment granting a decree of foreclosure to substitute plaintiff, New Penn Financial, L.L.C., d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Appellants raise three assignments of error for our review:

1. The trial court failed to recognize that defendants-appellants, who were pro se[,] had moved for time to conduct discovery pursuant to [Civ.R. 56(F)].

2. The trial court abused its discretion in deny[ing] defendant[s]-appellants the right to conduct discovery pursuant to Civ.R. 56(F).

3. The trial court improperly granted summary judgment to the plaintiff-appellee.

{¶ 2} Finding no merit to appellants' arguments, we affirm.

## I. Procedural History and Factual Background

{¶ 3} Appellants executed a promissory note on April 9, 2004, promising to pay National City Mortgage Company ("National City") $165,900 plus interest at a rate of 5.75 percent per annum to purchase a home located on Allston Road in Cleveland, Ohio. That same day, appellants also executed a mortgage as security for the promissory note giving National City, and its successors and assignees, first and best lien on the property.

{¶ 4} On July 13, 2017, "National Association, successor by merger to National City Bank, successor by merger to National City Mortgage Company," recorded a document in Cuyahoga County that was executed on June 30, 2017, assigning appellants' "Deed of Trust/Mortgage" to Nationstar Mortgage L.L.C. ("Nationstar").

{¶ 5} On September 26, 2017, Nationstar filed a complaint for foreclosure against appellants, alleging that it was the party entitled to enforce the promissory note due to default in payment of the note and mortgage securing the note.

Nationstar alleged that appellants owed $125,273.17 plus interest at a rate of 5.75 percent per annum from April 1, 2017.

{¶ 6} On November 12, 2018, Nationstar recorded a document in Cuyahoga County establishing that it assigned appellants' mortgage to Shellpoint. That same month, Nationstar moved to substitute Shellpoint as plaintiff in the foreclosure case against appellants. The trial court granted Nationstar's motion to substitute Shellpoint as the plaintiff.

{¶ 7} In December 2018, Shellpoint moved for summary judgment. Appellants responded by filing an "Answer to Plaintiff's request for Judgment Lien and Motion to Strike Plaintiff's Request for Judgment Lien." Shellpoint filed a reply brief to appellants' response. Appellants responded a second time to Shellpoint's reply, titling it, "Response to Plaintiff's Reply Brief of Substitute Answer to Strike Motion for Judgment Lien and Request for Production of Documents."

{¶ 8} According to John Dalton Lazar's affidavit, which was attached to Shellpoint's summary judgment motion, Shellpoint was unable to find the original promissory note and would instead "separately file as Lost Note Affidavit evidence in this case in accordance with Ohio Revised Code 1303.38," which it did. Lazar further averred that the note "was duly endorsed in blank prior to being lost and the original [p]laintiff was the holder and in possession of the original [n]ote at the time the loss of the original [n]ote occurred."

{¶ 9} In April 2019, the magistrate issued an order granting Shellpoint's summary judgment motion. The magistrate indicated that she would issue a

magistrate's decision at a later date and make specific findings as to the rights and liabilities of the parties. The magistrate issued her decision in September 2019. Appellants objected to the magistrate's decision. In December 2019, the trial court overruled appellants' objections, adopted the magistrate's decision, and issued the decree of foreclosure. Appellants appealed from this judgment.

{¶ 10} Appellants moved for a stay of execution in the trial court. The trial court denied their motion because they failed to file a supersedeas bond.

{¶ 11} On January 30, 2020, after appellants filed their notice of appeal, Shellpoint moved to substitute "U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT" ("U.S. Bank") as plaintiff. Shellpoint attached the assignment of appellants' mortgage to U.S. Bank to its motion to substitute. The trial court granted Shellpoint's motion to substitute the plaintiff.

{¶ 12} On February 12, 2020, appellants moved for a stay of execution in this court. We granted appellants' motion "upon [them] depositing $900.00 into escrow by the 28th of each month, commencing on February 28, 2020." We further ordered that failure to do so would result in the stay being immediately lifted, allowing the foreclosure sale to proceed.

{¶ 13} We will address the appellants' assignments of error out of order for ease of discussion.

## II. Summary Judgment Standard

{¶ 14} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

{¶ 15} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine the following:

> (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶ 16} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate. *Id.* at 293. If the movant does meet this burden, the burden shifts to the nonmovant to establish the existence of genuine issues of material fact. *Id.*

## III. Standing

{¶ 17} In their third assignment of error, appellants argue that the trial court erred in granting substitute plaintiff's motion for summary judgment. At the time

the summary judgment motion was filed, Shellpoint was the plaintiff. According to appellants, "[t]he critical issue in this case is standing." They maintain that substitute plaintiff did not put forth sufficient evidence to establish standing because "[t]he only evidence regarding standing is a self-serving affidavit by a Shellpoint employee." They further contend that the self-serving affidavit does not contain the requisite "personal knowledge" of the assignment transaction.

{¶ 18} After review, however, we find that appellants failed to raise these issues in their objections to the magistrate's decision.

{¶ 19} Under Civ.R. 53(D)(3)(b)(i), a party must file objections within 14 days of the filing of the magistrate's decision.[1] The objections must be "specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law * * *, unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). "'In essence, the rule is based on the principle that a trial court should have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court.'" *Liming v. Damos*, 4th Dist. Athens No. 08CA34, 2009-Ohio-6490, ¶ 14, quoting *Barnett v. Barnett*, 4th Dist. Highland No. 04CA13, 2008-Ohio-3415, ¶ 16.

---

[1] The magistrate filed its decision on September 10, 2019. Appellants filed their objections 15 days later, on September 25, 2019, which was one day late.

{¶ 20} Where a party fails to raise an issue in its objections to a magistrate's decision, the party has waived the issue for purposes of appeal. Civ.R. 53(D)(3)(b). Therefore, appellants waived their arguments that they raised here because they did not raise them to the trial court in their objections to the magistrate's decision.

{¶ 21} Moreover, appellants have not invoked the plain-error doctrine on appeal. Under these circumstances, we need not address it. *See State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 25, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 17-20 (an appellate court need not consider plain error where appellant fails to timely raise plain-error claim); *State v. Sims*, 10th Dist. Franklin No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (appellant cannot meet burden of demonstrating error on appeal when she only preserved plain error and did not argue plain error on appeal); *In re A.R.*, 12th Dist. Butler No. CA2015-08-143, 2016-Ohio-4919, ¶ 33 (appellant is precluded from raising plain error on appeal where he does not argue it in his brief); *Coleman v. Coleman*, 9th Dist. Summit No. 27592, 2015-Ohio-2500, ¶ 9 (when claims are forfeited on appeal and appellants do not raise plain error, appellate courts will not create an argument on their behalf).

{¶ 22} Further,

[i]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. We have independently reviewed the evidence presented in this case, and this is not the extremely rare case that would seriously affect the fairness, integrity, or public reputation of the judicial process if the plain-error doctrine were not invoked.

{¶ 23} Accordingly, we overrule appellants' third assignment of error.

**IV. Civ.R. 56(F)**

{¶ 24} In their first assignment of error, appellants contend that the trial court should have granted them "leeway" as pro se litigants and construed their response in opposition to Shellpoint's summary judgment motion as a request for a continuance under Civ.R. 56(F). In their second assignment of error, appellants argue that the trial court abused its discretion when it failed to grant them a continuance to conduct discovery pursuant to Civ.R. 56(F). Because these assignments of error are interrelated, we will address them together.

{¶ 25} Civ.R. 56(F) provides:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 26} After Shellpoint moved for summary judgment in December 2018, appellants responded by filing an "Answer to Plaintiff's request for Judgment Lien and Motion to Strike Plaintiff's Request for Judgment Lien." Shellpoint filed a reply brief to appellants' response in opposition. Appellants then filed a surreply brief

without seeking leave to do so, titling it, "Response to Plaintiff's Reply Brief of Substitute Answer to Strike Motion for Judgment Lien and Request for Production of Documents." They contend that the trial court should have construed their sur-reply response in opposition as a Civ.R. 56(F) motion to continue to permit them to conduct discovery.

{¶ 27} "The trial court has wide discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F) and its decision will not be reversed absent an abuse of that discretion." *Scanlon v. Scanlon*, 2013-Ohio-2694, 993 N.E.2d 855, ¶ 24 (8th Dist.). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Ruwe v. Bd. of Twp. Trustees*, 29 Ohio St.3d 59, 61, 505 N.E.2d 957 (1987).

{¶ 28} After review, however, we find that appellants did not file an affidavit in support of their surreply response as Civ.R. 56(F) requires. "Where no affidavit is presented in support of a motion for extension under Civ.R. 56(F), a court may not grant an extension pursuant thereto." *Cook v. Toledo Hosp.*, 169 Ohio App.3d 180, 2006-Ohio-5278, 862 N.E.2d 181, ¶ 42 (6th Dist.); *see also State ex rel. Coulverson v. Ohio Adult Parole Auth.*, 62 Ohio St.3d 12, 14, 577 N.E.2d 352 (1991) (where no valid affidavit was filed, the court "could not act under Civ.R. 56(F)").

{¶ 29} Appellants contend that because they were not represented by an attorney at that time, the trial court should have given them "leeway" and granted their request. However, pro se litigants are "held to the same standard of conforming to legal procedure as attorneys." *State v. Williams*, 8th Dist. Cuyahoga

No. 107748, 2019-Ohio-2335, ¶ 47, quoting *Cleveland v. Lane*, 8th Dist. Cuyahoga No. 75151, 1999 Ohio App. LEXIS 5893, 8 (Dec. 9, 1999); *see also In re Estate of O'Toole*, 8th Dist. Cuyahoga No. 108122, 2019-Ohio-4165, ¶ 23, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996) ("Under Ohio law, pro se litigants are held to the same standard as all other litigants; that is, they must comply with the rules of procedure and must accept the consequences of their own mistakes.").

{¶ 30} Appellants cite to a case from this court, *Millennia Hous. Mgt. Ltd. v. Johnson*, 8th Dist. Cuyahoga No. 96854, 2012-Ohio-1044, ¶ 10, in support of their argument that pro se litigants should be "granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities." *Id.* at ¶ 10. We find *Millennia Hous. Mgt.* to be distinguishable from the present case. There we found that the trial court had arbitrarily construed and improperly and unfairly discounted the defendant's pleadings. Here, however, there is nothing in the record establishing that the trial court failed to construe appellants' surreply brief in opposition to Shellpoint's summary judgment motion. Even if the trial court gave appellants "leeway" and construed their surreply brief as a request for a continuance to conduct discovery under Civ.R. 56(F), appellants still failed to file an affidavit as the rule requires.

{¶ 31} Accordingly, we overrule appellants' first and second assignments of error.

{¶ 32} Judgment affirmed.

It is ordered that appellee recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR