[Cite as *Fig v. Lynch*, 2024-Ohio-3196.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FIG AS CUSTODIAN FOR FIG OHIO18, :
L.L.C. & SECURED PARTY,

            :

            Plaintiff-Appellee,                     No. 113584

            :

            v.

            :

JOHN J. LYNCH, ET AL.,

            :

            Defendants-Appellants.

            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 22, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-963098

---

### *Appearances:*

Ulrich, Sassano, Deighton, Delaney, Higgins Co., LPA, and Eric T. Deighton, *for appellee.*

Michael P. Harvey Co., L.P.A., and Michael P. Harvey, *for appellant.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Hollis Lynch ("Hollis"), appeals from the trial court's judgment adopting a magistrate's decision denying her Civ.R. 60(B) motion

for relief from judgment and overruling her objections to the magistrate's decision. After a careful review of the record and relevant case law, we affirm.

## I. Background

{¶ 2} In May 2022, plaintiff-appellee, FIG as Custodian for FIG OH18, L.L.C. & Secured Party ("FIG"), filed a foreclosure complaint against John Lynch ("Lynch"); his unknown spouse, if any; and his unknown heirs, devisees, legatees, administrators, executors, and assigns. In its complaint, FIG alleged that it was the owner of tax certificates encumbering the property at 5185 West 220th Street, Fairview Park, Ohio, and demanded foreclosure of its tax certificates.[1] The trial court referred the matter to a magistrate to try the issues of fact and law.

{¶ 3} The record reflects that the summons and complaint were served upon Lynch and his unknown spouse at the Fairview Park property by the Cuyahoga County Sheriff and certified mail. Service on Lynch's unknown heirs, devisees, legatees, administrators, executors, and assigns was perfected by publication.

{¶ 4} On June 7, 2022, Hollis, who is Lynch's daughter, filed a pro se motion for leave to move or plead in the matter, identifying herself as a "defendant" and "an heir" of Lynch. In her motion, Hollis acknowledged that her answer to the

---

[1] Ohio's tax certificate legislation, R.C. 5721.30 through 5721.43, allows a county government to sell tax certificates to private investors. A tax certificate entitles the certificate holder to the first lien on the real property. R.C. 5721.32. A property owner can redeem the certificate and remove the lien by paying the certificate holder the purchase price plus interest, penalties, and costs. R.C. 5721.38. If the property owner fails to redeem the certificates, the tax certificate holder may initiate foreclosure proceedings on the real property after complying with certain statutory requirements.

complaint was due on June 8, 2022, but asked for 30 days leave to answer or otherwise plead in response to the complaint. The magistrate deemed Hollis's motion to be a motion to intervene, ordered the clerk to add Hollis as a new party defendant, and granted her leave to plead.

{¶ 5} On July 6, 2022, Hollis filed a pro se suggestion of death regarding Lynch pursuant to Civ.R. 25. She also filed a pro se answer to the complaint admitting that she had an interest in the property but denying the other allegations of the complaint. Hollis did not assert insufficiency of process as an affirmative defense or otherwise suggest that service had not been perfected on her.

{¶ 6} In August 2022, after a hearing on FIG's motion for default, the magistrate granted default judgment against all defendants except Hollis, and granted FIG leave to file a motion for summary judgment against her. On September 9, 2022, FIG filed a motion for summary judgment against Hollis, who never responded to the motion. On November 16, 2022, the magistrate granted FIG's summary judgment motion and entered judgment in its favor. The magistrate issued a written decision the same day, finding that all parties had been properly served; that some were in default of answer; and, with respect to Hollis, that reasonable minds could only conclude there was no genuine issue of material fact and FIG was entitled to judgment as a matter of law. The magistrate accordingly ordered foreclosure of the property. On December 7, 2022, the trial court entered its judgment entry adopting the magistrate's decision.

**{¶ 7}** A week later, on December 14, 2022, an attorney filed a notice of appearance on behalf of Hollis.[2] That same day, Hollis, through her attorney, filed a Civ.R. 60(B) motion for relief from the trial court's judgment, seeking relief under Civ.R. 60(B)(1)-(5) and specifically for "excusable neglect" under Civ.R. 60(B)(1).[3] In her motion, Hollis stated that she had moved into the house with Lynch some 50 years ago, when she was 14 years old, and asserted that because the property was always titled in her father's name, she had no obligation to pay the tax liens on the property.

**{¶ 8}** Hollis stated further that Lynch died on January 14, 2001, sometime after he moved to Florida with his second wife, who passed away in 2011, and that any service upon Lynch either at the property or by publication was therefore imperfect because he had been deceased since 2001. Hollis said she had a will indicating that her father wanted the house to pass to her, but she did not know if an estate had ever been opened for her father or his second wife; she did not have the resources or wherewithal to ever get the property transferred to her; and she had no income and nowhere to go should the house be foreclosed on. Accordingly, Hollis argued that because there were issues regarding service and the case had "move[d]

---

[2] Because of her financial situation, the Legal Aid Society of Cleveland assigned an attorney to represent Hollis.

[3] Under Civ.R. 60(B), "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment . . . for the following reasons:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment has been satisfied . . . ; or (5) any other reason justifying relief from judgment."

too quickly without all the proper facts," the magistrate should grant her motion and put the case back on the active docket for discovery and further litigation.

{¶ 9} FIG opposed Hollis's motion, arguing that she had failed to meet the Civ.R. 60(B) requirements to prevail on her motion. It argued further that Hollis should have appealed the trial court's judgment instead of filing a 60(B) motion for relief from judgment.

{¶ 10} In January 2023, Hollis filed a notice of relevant case law, arguing that the magistrate should stay the case until the United States Supreme Court decided the case of *Tyler v. Hennepin Cty.*, 598 U.S. 631 (2023), regarding whether a homeowner adequately stated a claim for violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution when, after a foreclosure sale where the property sold for more than the homeowner's tax debt, the county retained the excess monies for itself. The magistrate subsequently set the case for a hearing on Hollis's Civ.R. 60(B) motion for relief from judgment on August 3, 2023, after the expected release of the Supreme Court's decision in the *Tyler* case. Prior to the hearing, both parties briefed the issue of the applicability of the *Tyler* decision to this matter.

{¶ 11} On June 2, 2023, FIG filed a motion to substitute Aviation 22, L.L.C. as substitute plaintiff. The magistrate granted the motion on July 6, 2023.

{¶ 12} On August 14, 2023, after a hearing on Hollis's Civ.R. 60(B) motion, the magistrate issued a lengthy written decision denying Hollis's motion for relief from judgment. In the decision, the magistrate noted that Hollis's attorney had

"adeptly captur[ed] the empathy-inducing narrative of his client," and "successfully painted a compassionate portrait of a person ensnared within what could be considered a harsh legal framework." The magistrate further noted that "[c]onsidering Ms. Lynch's circumstances, the court was committed to granting her sufficient time to raise any legal issues and allow her attorney to thoroughly brief the U.S. Supreme Court case," and that "[d]espite the property taxes remaining unpaid for several years, the court was cautious not to rush into execution on the decree of foreclosure against Ms. Lynch. The court was determined to provide Ms. Lynch with ample opportunity to present her motion effectively and address her situation comprehensively."

{¶ 13} Nevertheless, the magistrate denied Hollis's motion. The magistrate found that the *Tyler* case was not persuasive because Ohio's statutory foreclosure scheme is different from that addressed in *Tyler* because unlike Minnesota (where Hennepin County is located), Ohio allows recovery to former homeowners of any excess proceeds from a foreclosure sale. The magistrate also found that contrary to Hollis's assertion that she was not responsible for paying the property taxes on Lynch's home because he held the title, real estate taxes attach to the real estate, not the individual owner, and become liens against the property. Thus, because the unpaid tax liens attached to Hollis's interest in the property, the magistrate found that Hollis did not have a meritorious defense to the foreclosure.

{¶ 14} The magistrate further found that Hollis was served with the foreclosure complaint and took action in response to that service, including filing

pro se a motion for leave, an answer that did not assert insufficiency of process as an affirmative defense, and a suggestion of death. The magistrate found that Hollis had not presented any evidence that she was not served with the motion for summary judgment, the magistrate's decision, and the trial court's judgment entry adopting the magistrate's decision.

{¶ 15} The magistrate therefore found that in light of her awareness of the court proceedings, Hollis's failure to respond to the motion for summary judgment, object to the magistrate's decision, and appeal the trial court's judgment adopting that decision showed a disregard for the judicial system, rather than excusable neglect under Civ.R. 60(B)(1), and that her failure to respond to the summary judgment motion was not a ground for relief under any provision of Civ.R. 60(B)(1)-(5). The magistrate also found that Hollis's Civ.R. 60(B) motion was an attempt to collaterally attack the trial court's judgment granting the motion for summary judgment, and therefore, she should have appealed the trial court's judgment instead of filing a Civ.R. 60(B) motion.

{¶ 16} Hollis filed objections to the magistrate's decision but did not include a transcript of the Civ.R. 60(B) hearing with her objections.[4] The trial court subsequently issued a judgment entry overruling Hollis's objections and adopting and incorporating into its judgment entry the magistrate's decision denying the motion for relief from judgment. Hollis now appeals from that judgment.

---

[4] She filed a transcript later, after the trial court had ruled on her objections.

## II. Law and Analysis

### A. Service

{¶ 17} In her first assignment of error, Hollis contends that the trial court erred in finding that she was properly served with the summons and complaint and plaintiff's motion for summary judgment. Hollis contends that her Civ.R. 60(B) motion should have been granted because in the absence of proper service, she was not aware she had to respond to the motion for summary judgment and, therefore, summary judgment was improperly granted.

{¶ 18} Appellee contends that Hollis waived this issue for appeal because she did not raise any issues related to service in her objections to the magistrate's decision. *Nationstar Mtge. L.L.C. v. Jessie*, 2021-Ohio-439, ¶ 20 (8th Dist.) ("Where a party fails to raise an issue in its objections to a magistrate's decision, the party has waived the issue for purposes of appeal.").

{¶ 19} Our review of Hollis's objections to the magistrate's decision reflects that in paragraph two, she objected to the magistrate's conclusion that "[t]he Plaintiff served the unknown heirs by publication" as follows: "Again, Hollis Lynch does not get any newspapers, does not have a computer, a cellphone or a car and how is she supposed to be aware of the Daily Legal News, that even the undersigned counsel does not get, to see if her name is listed in a lawsuit?" In paragraphs four and 10 of her objections, Hollis asserted that she did not receive notices from the court regarding the magistrate's rulings or notice that plaintiff had filed a motion for summary judgment against her. Specifically, in paragraph 10, Hollis responded to

the magistrate's finding that "[t]he deputy sheriff successfully served the foreclosure complaint on John Lynch's daughter, Hollis Lynch, who resides at the property" as follows: "That is not the issue. The issue is that summary judgment was not supplied to Hollis Lynch and she does not have a computer, cellphone or car. So, that is what created the default, not the papers to which she was given the right to answer, which she did." In light of these objections, we find that Hollis preserved the issue of service for appeal.

{¶ 20} Our review of this assignment of error is limited, however, by Hollis's failure to file in the trial court either a transcript of the Civ.R. 60(B) motion hearing or an affidavit regarding the evidence upon which she based her objections. When a matter is tried to a court magistrate, Civ.R. 53 requires that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). In the absence of a transcript or a properly filed affidavit of the evidence in support of a party's objections, a trial court is "required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts." *Galewood v. Terry Lumber & Supply Co.*, 2002-Ohio-947, ¶ 10 (9th Dist.), citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995).

{¶ 21} Appellate court review in such instances is likewise limited to whether the trial court's application of the law to the factual findings was an abuse of

discretion. *Zukerman, Daiker & Lear Co., L.P.A. v. Signer*, 2009-Ohio-968, ¶ 22 (8th Dist.), citing *Duncan* at *id.* Although Hollis filed a transcript of the hearing in the trial court after the court adopted the magistrate's decision and the transcript was filed in this court with Hollis's appeal, we cannot consider testimony from the hearing that was not before the trial court when it ruled on Hollis's objections to the magistrate's decision. *Duncan* at *id.* (where a party objecting to a magistrate's report fails to provide a transcript to the trial court, the appellate court is precluded from considering the transcript submitted with the appellate record).

{¶ 22} Because Hollis's first assignment of error challenges only the trial court's *factual* findings that she was served with the summons and complaint and plaintiff's motion for summary judgment, and we are required to accept those factual findings because of the lack of a transcript or affidavit of the evidence, the first assignment of error is overruled.

## B. Denial of Civ.R. 60(B) Motion for Relief from Judgment

{¶ 23} In her second assignment of error, Hollis contends that the trial court abused its discretion in adopting the magistrate's *legal* conclusion that she was not entitled to relief under Civ.R. 60(B).

{¶ 24} We review a trial court's adoption of a magistrate's decision under an abuse-of-discretion standard. *Van Dress Law Offices Co., L.L.C. v. Dawson*, 2017-Ohio-8062, ¶ 15 (8th Dist.), citing *Agnew v. Muhammad*, 2014-Ohio-3419, ¶ 15 (8th Dist.), citing *Butcher v. Butcher*, 2011-Ohio-2550, ¶ 7 (8th Dist.). The Ohio Supreme Court has defined abuse of discretion as "an 'unreasonable, arbitrary, or

unconscionable use of discretion, or as a view or action that no conscientious judge could honestly have taken.'" *State v. Kirkland*, 2014-Ohio-1966, ¶ 67, quoting *State v. Brady*, 2008-Ohio-4493, ¶ 23.

{¶ 25} To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant must satisfy all three of these requirements to obtain relief. *Bank of N.Y. v. Elliot*, 2012-Ohio-5285, ¶ 24 (8th Dist.), citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996); *see also Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988) (a trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet any one of the three requirements).

{¶ 26} In its judgment entry adopting the magistrate's decision and overruling Hollis's objections, the trial court found that the Civ.R. 60(B) motion was properly denied because (1) the *Tyler* case was distinguishable from this case; (2) Hollis did not have a meritorious defense to present if her Civ.R. 60(B) motion was granted; and (3) Hollis's failure to respond to the motion was summary judgment was not excusable neglect under Civ.R. 60(B)(1) nor a ground for relief under Civ.R. 60(B)(1)-(5). We find no abuse of discretion in the trial court's decision.

{¶ 27} To determine whether neglect is "excusable" under Civ.R. 60(B)(1), a court must consider all the surrounding facts and circumstances. *Rose Chevrolet* at

21. "Excusable neglect differs from 'mere neglect,' which is insufficient to obtain relief under Civ.R. 60(B)(1)." *Suon v. Mong*, 2018-Ohio-4187, ¶ 25 (10th Dist.), citing *Ron Christopher Co. v. Borruso*, 2017-Ohio-9033, ¶ 12 (10th Dist.). "Where a party has knowledge of the lawsuit, and has received a motion for summary judgment, the failure to respond to the motion for summary judgment amounts to mere neglect rather than excusable neglect in the absence of 'any special, disruptive, or unusual circumstances.'" *Suon* at *id.*, quoting *Ron Christopher Co.* at *id.*

{¶ 28} The trial court found that Hollis had both knowledge and actual notice of the action because she filed, pro se, a motion for leave, an answer to the complaint, and a suggestion of death. The trial court further found that Hollis did not present evidence that she was not served with the summary judgment motion nor any special or unusual circumstances as to why she did not respond to the motion. The trial court also found that Hollis failed to present the transcript of the hearing or an affidavit of the evidence that demonstrated otherwise.

{¶ 29} On these facts, which we are required to accept in the absence of a transcript, we find that the trial court did not abuse its discretion in concluding that Hollis's failure to respond to the summary judgment motion was not excusable neglect. Because Hollis had knowledge and notice of the summary judgment motion, and did not present evidence of special circumstances regarding her lack of response to the motion, the trial court did not abuse its discretion in concluding that her failure to respond demonstrated a disregard for the judicial system, rather than excusable neglect, or any other ground for relief under Civ.R. 60(B)(1)-(5).

{¶ 30} As the trial court found, the fact that Hollis was a pro se litigant did not justify a finding of excusable neglect or relief from judgment. It is well-established that "pro se litigants are held to the same rules, procedures, and standards as litigants represented by counsel," *DJL, Inc. v. Massingille*, 2011-Ohio-6281, ¶ 23 (8th Dist.), and a litigant proceeding pro se can neither expect nor demand special treatment. *Kessler v. Kessler*, 2010-Ohio-2369, ¶ 8 (10th Dist.). "Therefore, courts generally do not permit pro se litigants who are careless or unfamiliar with the legal system to use Civ.R. 60(B)(1) to obtain relief." *DJL, Inc.* at ¶ 24, citing *Dayton Power & Light v. Holdren,* 2008-Ohio-5121, ¶ 12 (4th Dist.); *see also Village at Galloway Run Condominium Assn. v. Taylor*, 2024-Ohio-2344, ¶ 16 (10th Dist.) (Civ.R. 60(B) is not intended to afford pro se litigants relief from mistakes due to unfamiliarity with the legal system, confusion, or misunderstanding of the law. The fact that a pro se litigant was unsuccessful in pursuing his rights because he did not understand the applicable rules is not a basis to vacate a judgment adverse to a pro se litigant and afford him a second chance, this time with counsel.).

{¶ 31} The trial court also properly found that even though the 30-day time period for filing an appeal had not passed when she filed her motion for relief from judgment, Hollis was improperly using her Civ.R. 60(B) motion as a substitute for a timely appeal. "When the remedy of appeal is available to a party, and where the issues raised in a motion for relief from judgment are those which could properly have been raised on appeal, a motion for relief from judgment will be denied," even

where the motion is filed within the 30-day time for appeal. *Burroughs v. Real Estate Co. v. Zennie R. Heath*, 1980 Ohio App. LEXIS 14334, *5 (8th Dist. Mar. 20, 1980). As stated in *Taylor v. Taylor*, 1987 Ohio App. LEXIS 6282, *10 (4th Dist. Mar. 27, 1987):

> In order to bring himself within the limited area of Civ.R. 60(B), appellant must establish the existence of extraordinary circumstances which rendered him unable to appeal and a party should not be permitted to circumvent the appeals process through application of Civ.R. 60(B), since it is the function of the appellate court to correct legal errors committed by the trial court.

In other words, because "Civ.R. 60(B) is not a substitute for an appeal, it cannot be utilized merely to raise mistakes allegedly committed by the trial court. To raise mistakes allegedly committed by the trial court, one must appeal rather than attempt to use a Civ.R. 60(B)." *State v. Brown*, 2014-Ohio-5824, ¶ 50 (4th Dist.).

{¶ 32} Although captioned as a Civ.R. 60(B) motion for relief from judgment, the substance of Hollis's motion was a challenge to the trial court's grant of summary judgment against her; i.e., she argued that the trial court had improperly granted summary judgment without proper service and "all the proper facts" necessary to decide the motion. Thus, Hollis asserted that the trial court made legal errors that required reversal of the summary judgment against her. Because the appellate court determines whether the trial court made legal errors, these issues should have been raised on direct appeal, not in a Civ.R. 60(B) motion for relief from judgment.

{¶ 33} Nor did the trial court err in finding that the *Tyler* case is not applicable to this matter. In *Tyler*, 598 U.S. 631 (2023), the United States Supreme Court considered whether Tyler, who like Hollis, was an older woman with limited financial resources, had sufficiently alleged a violation of the Takings Clause where she alleged that Hennepin County sold her condominium for $40,000 at a foreclosure sale and then kept the $25,000 in excess of the $15,000 in unpaid real estate taxes for itself. *Id.* at 1371. The Supreme Court held that Tyler plausibly alleged that Hennepin County's retention of the excess value of her home above her tax debt violated the Takings Clause because under Minnesota's statutory foreclosure scheme, the county was allowed to confiscate for its own use more property than was due, and the property owners were foreclosed from any opportunity to recover the excess funds from the State. *Id.*

{¶ 34} As the trial court found, however, that is not the procedure for tax foreclosures in Ohio because if a public auction takes place and the home is sold, the homeowner retains the right to any surplus beyond the obligations owed to the treasurer or tax lien certificate holder. R.C. 5721.20. In light of the difference between Minnesota's and Ohio's laws, *Tyler* is readily distinguishable from this case. Although Hollis argued in her objections to the magistrate's decision that the factual distinctions between *Tyler* and this case are "not the point," and that the court should consider by analogy to *Tyler* "the utter unfairness to indigent Ohio seniors affected by tax certificate litigation initiated by out-of-state parties who purchase these certificates," the trial court did not err in determining that Ohio's statutory

foreclosure scheme "aligns with the procedural fairness principle endorsed in *Tyler*" because it entitles homeowners to any excess proceeds from the foreclosure sale. Accordingly, the trial court correctly determined that given Ohio's tax foreclosure procedures, *Tyler* is not applicable to this matter.

{¶ 35} Finally, the trial court properly found that Hollis did not have a meritorious defense to present if her Civ.R. 60(B) motion was granted. Hollis claimed that she bore no responsibility to pay the tax liens because the property tax assessments pertained only to her father, who always held the record title. However, "[r]eal estate taxes run with the land, attach to the real estate itself, [and] become liens thereon." *S. Ohio Savs. Bank & Trust Co. v. Boice,* 165 Ohio St. 201, 208 (1956). *See also Rokakis v. Estate of Thomas*, 2008-Ohio-5147, ¶ 20 (8th Dist.), citing *Hunter v. Grier*, 173 Ohio St.158 (1962) (a proceeding to foreclose on a tax lien is not an action against parties; it is an rem proceeding on the land itself rather than the title thereto). Thus, to retain her interest in the property as Lynch's sole heir, Hollis was indeed required to settle the outstanding tax liens on the property.

{¶ 36} Because Hollis failed to demonstrate she had a meritorious defense to present if relief were granted and that she was entitled to relief from judgment under Civ.R. 60(B)(1)-(5), two of the three prongs of the *GTE Automatic Elec.* test, the trial court did not abuse its discretion in denying her Civ.R. 60(B) motion for relief from judgment. The second assignment of error is overruled.

## C. Attorney Fees

{¶ 37} In her third assignment of error, Hollis contends that plaintiff-appellee has waived any post-judgment attorney fees beyond the $2,250 in fees that the trial court already awarded in its decree of foreclosure. Hollis did not raise this issue in her objections to the magistrate's decision, however. When a party fails to raise an issue in its objections to the magistrate's decision, the party has waived the issue for purposes of appeal. Civ.R. 53(D)(3)(b). Moreover, Hollis has not invoked the plain-error doctrine on appeal, and therefore, we need not consider the issue for plain error. *Nationstar Mortg., L.L.C.*, 2021-Ohio-439 at ¶ 21, citing *State v. Gavin*, 2015-Ohio-2996, ¶ 21 (4th Dist.), citing *State v. Quarterman*, 2014-Ohio-4034, ¶ 17-20 (an appellate court need not consider plain error where appellant fails to timely raise plain-error claim). Accordingly, we overrule the third assignment of error.

{¶ 38} Finally, we observe that Hollis asserts in her appellate brief that the trial court erred in denying her motion to file a cross-claim to "either quiet title or [for] adverse possession," which she filed while her Civ.R. 60(B) motion for relief from judgment was pending, and in granting FIG's motion to substitute Aviation 22, L.L.C. as plaintiff.

{¶ 39} Generally, an appellate court need not address an appellant's argument if it is not set forth as an assignment of error in conformity with App.R. 12(A) and 16(A). *Eberhard Architects, L.L.C. v. Schottenstein, Zox & Dunn Co., L.P.A.*, 2015-Ohio-2519, ¶ 16 (8th Dist.), citing *State v. Mann*, 1991 Ohio App. LEXIS

5290, *15 (8th Dist. Nov. 7, 1991); *Lu-Jean Feng v. Kelley & Ferraro*, 2009-Ohio-1368, ¶ 31 (8th Dist.). Ohio courts have also held, however, that an appellate court may reach the merits of an argument if the assignments of error were "readily discernable" from the propositions of law, and where the opposing party responded as if the propositions were assignments of error. *Eberhard Architects* at *id.*, citing *JPMorgan Chase Bank, N.A. v. Allton*, 2014-Ohio-3742, ¶ 6-7 (10th Dist.); *Carter-Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430, 432 (10th Dist.1999).

**{¶ 40}** Hollis did not raise separate assignments of error challenging the trial court's rulings, and plaintiff-appellee did not respond to her arguments as if the propositions were assignments of error. Accordingly, we decline to address Hollis's arguments.

**{¶ 41}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR