[Cite as *Suon v. Mong*, 2018-Ohio-4187.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Nancy Suon,                                          :

      Plaintiff-Appellee,                   :            No. 17AP-879
                                                                (M.C. No. 17CVF-12136)

v.                                                   :

                                                        (ACCELERATED CALENDAR)

Khan Mong,                                           :

      Defendant-Appellant.                  :

---

## D E C I S I O N

### Rendered on October 16, 2018

---

**On brief**: *Joseph L. Colburn, Jr.*, for appellee.

**On brief**: *Teresa Villarreal*, for appellant.

---

### APPEAL from the Franklin County Municipal Court

BROWN, P.J.

{¶ 1} Defendant-appellant, Khan Mong, appeals from a judgment of the Franklin County Municipal Court denying his Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, we affirm.

{¶ 2} On April 12, 2017, plaintiff-appellee, Nancy Suon, filed a complaint against appellant seeking a monetary judgment for breach of a promissory note. Appellee alleged that $5,000 was currently due and owing on the note. Appellee attached a copy of the promissory note to the complaint. The note stated: "I, Nancy Suon, agreed to loan $5,000.00 to Khan Mong November 2015. He agreed he will pay me back during the tax season in the following year. This agreement is made by the lender and the borrower." (Compl., Ex. A.) The note was signed, notarized, and dated November 27, 2015.

{¶ 3} On May 16, 2017, the court received a pro se letter from appellant. Appellant's son had drafted the letter for his father, as appellant does not read, write, or speak English. In the letter, appellant denied either borrowing money from appellee or signing a note on November 27, 2015. Appellant asserted appellee was a con artist who was trying to blackmail him. On May 22, 2017, the court ruled that the letter was an answer to the complaint.

{¶ 4} On May 31, 2017, appellee filed a motion for leave to file a motion for summary judgment. The court granted appellee's motion for leave, and appellee filed a motion for summary judgment on July 24, 2017. Appellee asserted in the motion the "overwhelming evidence" demonstrated appellant borrowed $5,000 from her, that he signed the promissory note, and that he failed to pay appellee pursuant to the terms of the note. (Mot. for Summ. Jgmt. at 4.) The certificate of service demonstrated the motion for summary judgment was served via regular United States mail on appellant August 8, 2017.

{¶ 5} Appellee supported the motion for summary judgment with her affidavit and the affidavit of Terry L. Howard. Appellee explained in her affidavit that appellant was the uncle of her fiancé, and that, at some time prior to November 27, 2015, appellant asked appellee if he could borrow $5,000 to invest in his son's business. Appellee averred the parties signed the promissory note on November 27, 2015, that Terry L. Howard notarized the note, and she then "handed Kahn Mong $5,000.00." (Suon Aff. at ¶ 3.) Appellee averred that appellant did not repay her with his income tax refund in Spring 2016 as promised, and he ignored her demands for payment. Howard averred that he was a notary public and he notarized appellant's signature on the promissory note November 27, 2015. Howard incorporated the promissory note by reference into his affidavit.

{¶ 6} On August 30, 2017, the court issued an entry granting appellee's motion for summary judgment. The court entered judgment against appellant in the amount of $5,000 plus costs and interest at the statutory rate.

{¶ 7} On September 26, 2017, appellant filed a pro se motion for a continuance, asking the court to continue the due date for his response to appellee's motion for summary judgment. Appellant indicated in the motion he intended to retain counsel in the near future. On October 11, 2017, appellant, through counsel, filed a motion for leave to file an answer instanter.

{¶ 8}   The court issued an order and notice of wage garnishment to appellant's employer on October 20, 2017. The court denied appellant's motion for continuance and motion for leave to file an answer instanter on October 31, 2017.

{¶ 9}   On November 2, 2017, appellant, through counsel, filed a Civ.R. 60(B) motion to vacate the August 30, 2017 entry granting appellee's motion for summary judgment. Appellant asserted he had the meritorious defenses of having "FOUR witnesses who are prepared to testify that Mr. Mong never signed any promissory note[] on the date alleged," and of having a witness who would dispute the evidence "establishing that Mr. Mong ever borrowed money from Plaintiff and that Plaintiff instead tricked Mr. Mong into signing a document under the pretext that it was a 'Doctor's Note.' " (Mot. to Vacate at 3.) Appellant asserted his failure to respond to the motion for summary judgment was the result of excusable neglect, as he does not read, write, or speak English, and did not understand that he had to take any action in response to the motion for summary judgment. Appellant noted that his motion was timely filed. Appellee filed a memorandum contra appellant's motion for relief from judgment on November 14, 2017.

{¶ 10} The court issued an entry denying appellant's motion for relief from judgment on November 22, 2017. On December 14, 2017, appellant filed a notice of appeal from the court's November 22, 2017 entry.

{¶ 11} Appellant appeals, assigning the following two assignments of error for our review:

> [I.] The Trial Court erred as a matter of law in granting Plaintiff-Appellee Nancy Suon's Motion for Summary Judgment.
>
> [II.] The Trial Court abused its discretion by denying a Civ.R. 60(B) Motion for Relief from Judgment, without first holding a hearing, in which such Motion presented allegations that would, if true, warrant relief under Civ.R. 60(B).

{¶ 12} Appellant's first assignment of error asserts the trial court erred in granting appellee's motion for summary judgment. However, as appellant failed to file a timely appeal of the entry granting appellee's motion for summary judgment, we lack jurisdiction to address appellant's first assignment of error.

{¶ 13} App.R. 4(A)(1) provides that an appeal must be filed within 30 days of the entry of a final order. *See also Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, ¶ 7. The "failure to file a timely notice of appeal under App.R. 4(A) is a jurisdictional defect." *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17.

{¶ 14} The trial court's August 30, 2017 entry granting appellee's motion for summary judgment was a final appealable order. *See* R.C. 2505.02(B)(1). Appellant did not appeal the August 30, 2017 entry within 30 days. Instead, appellant filed his Civ.R. 60(B) motion for relief from judgment on November 2, 2017, and subsequently appealed from the entry denying his motion for relief from judgment. Although App.R. 4(B)(2) provides exceptions to the 30-day deadline when certain post-judgment motions are filed, including Civ.R. 50(B) motions for judgment notwithstanding the verdict and Civ.R. 59 motions for a new trial, a Civ.R. 60(B) motion for relief does not extend the appeal period. *See* App.R. 4(B)(2).

{¶ 15} Thus, despite failing to file a timely appeal of the court's entry granting summary judgment, appellant now attempts to have this court review that decision by way of appealing the entry denying his Civ.R. 60(B) motion for relief. However, "a motion for relief from judgment is not a substitute for a direct appeal from the judgment challenged." *Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980), citing *Bosco v. Euclid*, 38 Ohio App.2d 40 (8th Dist.1974); *Town & Country Drive-In Shopping Ctrs., Inc. v. Abraham*, 46 Ohio App.2d 262 (10th Dist.1975). Civ.R. 60(B) may not "be used to circumvent or extend the time requirements for filing an appeal." *Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982).

{¶ 16} Thus, " 'an appeal from an order denying relief under 60(B) does not bring up for review the judgment from which relief is sought.' " *Town & Country* at 266, quoting 7 Moore, *Federal Practice*, Section 60.30. As a motion for relief from judgment "is not a substitute for a direct appeal from the judgment challenged," this court will not "do indirectly what it cannot do directly." *Shoemaker Funeral Home v. Furtado*, 10th Dist. No. 88AP-400 (Sept. 1, 1988) (holding the appellate court lacked jurisdiction to review trial court's entry granting summary judgment, as appellant did not appeal the summary judgment ruling but, instead, appealed the trial court's entry denying appellant's motion for Civ.R. 60(B) relief); *Arbogast v. Werley*, 6th Dist. No. L-07-1283, 2008-Ohio-1555, ¶ 11.

{¶ 17} Based on the foregoing, we lack jurisdiction to address appellant's first assignment of error.

{¶ 18} Appellant's second assignment of error asserts the trial court abused its discretion in denying his Civ.R. 60(B) motion for relief from judgment without first holding a hearing.

{¶ 19} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that: (1) the party has a meritorious defense or claim if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Each of these requirements are independent of the others and, therefore, the moving party must separately establish all three requirements of the "*GTE* test" or the Civ.R. 60(B) motion will be denied. *Fields Excavating, Inc. v. Welsh Elec. Co.*, 10th Dist. No. 04AP-150, 2005-Ohio-708, ¶ 7. *See also GTE Automatic Elec.* at 151 (stating that the requirements under Civ.R. 60(B) are "independent and in the conjunctive, not the disjunctive").

{¶ 20} A party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion. *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 10. To be entitled to a hearing, the movant "must demonstrate why he is entitled to a hearing on the motion, and must allege operative facts which would warrant relief under Civ.R. 60(B)." *Cunningham v. Ohio Dept. of Transp.*, 10th Dist. No. 08AP-330, 2008-Ohio-6911, ¶ 37. " 'Operative facts are those facts which if proven would give rise to a meritorious defense or support the alleged grounds for relief from judgment.' " *US Bank Natl. Assn. v. Collier*, 10th Dist. No. 08AP-207, 2008-Ohio-6817, ¶ 46, quoting *Prinz v. Horvat*, 9th Dist. No. 13708 (Mar. 1, 1989). A "trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996). *See also State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

{¶ 21} Although nothing "requires that a Civ.R. 60(B) motion be supported by an affidavit or other evidence given under oath," in order to "prevail on a motion for Civ.R. 60(B) relief, 'the movant must establish [the requirements of *GTE*] by operative facts presented in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath.' " *Fields Excavating, Inc.* at ¶ 8, quoting *Countrywide Home Loans v. Barclay*, 10th Dist. No. 04AP-171, 2004-Ohio-6359, ¶ 9. Unsworn allegations of operative facts contained in a Civ.R. 60(B) motion for relief from judgment " 'are not sufficient evidence upon which to grant a motion to vacate judgment.' " *Id.*, quoting *Coleman v. Cleveland School Dist. Bd. of Edn.*, 8th Dist. No. 84274, 2004-Ohio-5854, ¶ 76.

{¶ 22} The decision to grant a Civ.R. 60(B) motion for relief from judgment rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 12. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 23} Appellant asserts he had the meritorious defenses of having four witnesses who would testify that he did not sign the promissory note on the date alleged, and of having a witness who would establish that appellee tricked him into signing a document under the pretext that it was a doctor's note. Appellant, however, failed to present any evidentiary material, in the form of affidavits, depositions, answers to interrogatories, written stipulations or other evidence given under oath, to support his claims regarding these alleged witnesses. Appellant's unsworn allegations fail to present a meritorious defense. These assertions also amount to an impermissible attempt to litigate through the motion for relief from judgment the arguments appellant should have made in response to the motion for summary judgment. *See Harshman Dynasty, LLC v. Mason*, 2d Dist. No. 25873, 2014-Ohio-1108, ¶ 18, quoting *Brigadier Constr. Servs. v. JLP Glass Prods.,* 8th Dist. No. 98672, 2013-Ohio-825, ¶ 23 (observing that "a litigant who fails to respond to a motion for summary judgment ordinarily may not later litigate the issues that could have been raised in the motion," because if allowed "such practice would 'undermine the purposes of Civil Rules 56 and 60(B)' and create a ready avenue for delay").

{¶ 24} Appellant additionally asserts that his failure to respond to the motion for summary judgment constituted excusable neglect as he did not know that he was required to respond to the motion. Appellant states that, due to his inability to read the English language, he "did not understand or comprehend the meaning of the statements from the summons." (Appellant's Brief at 15.)

{¶ 25} Civ.R. 60(B)(1) provides that a court may relieve a party from final judgment for "mistake, inadvertence, surprise or excusable neglect." The Supreme Court of Ohio has defined excusable neglect in the negative, explaining that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay* at 20, quoting *GTE* at 153. Excusable neglect differs from "mere neglect," which is insufficient to obtain relief under Civ.R. 60(B)(1). *Ron Christopher Co. v. Borruso*, 10th Dist. No. 17AP-369, 2017-Ohio-9033, ¶ 12. Where a party has knowledge of the lawsuit, and has received a motion for summary judgment, the failure to respond to the motion for summary judgment amounts to mere neglect rather than excusable neglect in the absence of "any special, disruptive, or unusual circumstances." *Id.*

{¶ 26} Appellant had knowledge of the action; he filed a pro se answer to the complaint. As demonstrated by the certificate of service, appellant also received appellee's motion for summary judgment. Yet, appellant did not respond to the motion for summary judgment, and chose to proceed pro se in the action until well after the court granted the motion for summary judgment. It is well-established that pro se litigants are bound by the same rules and procedures as litigants with counsel. *White v. Fifth Third Bank, Inc.*, 10th Dist. No. 10AP-236, 2010-Ohio-4611, ¶ 13, citing *Zukowski v. Brunner*, 125 Ohio St.3d 53, 2010-Ohio-1652. A litigant proceeding pro se can neither expect nor demand special treatment. *Kessler v. Kessler*, 10th Dist. No. 09AP-740, 2010-Ohio-2369, ¶ 8. " 'If the courts treat *pro se* litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.' " *U.S. Bank Natl. Assn. v. Lapierre*, 10th Dist. No. 09AP-990, 2010-Ohio-4125, ¶ 11, quoting *Justice v. Lutheran Social Servs.*, 10th Dist. No. 92AP-1153 (Apr. 8, 1993).

{¶ 27} Thus, " '[a] party who is informed of court action against him and fails to seek legal assistance does so at his risk and such conduct cannot be said to constitute "excusable neglect" under Civ.R. 60(B)(1) or (5) unless a compelling reason is presented, like a serious

illness.' " *Gamble Hartshorn, LLC v. Lee*, 10th Dist. No. 17AP-35, 2018-Ohio-980, ¶ 29, quoting *Yuhanick v. Cooper*, 7th Dist. No. 96-CO-45 (Nov. 16, 1998). *See also Dayton Power & Light v. Holdren*, 4th Dist. No. 07CA21, 2008-Ohio-5121, ¶ 12 (noting that "[c]ourts should not generally use Civ.R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with the legal system").

{¶ 28} Neither appellant's lack of familiarity with legal proceedings, nor his inability to read English, amounted to operative facts which would establish excusable neglect. *See Gamble Hartshorn* at ¶ 27-31 (holding that the appellant's failure to respond to the motion for summary judgment "based on his contention that he was not proficient with the English language, and he lacked familiarity with the legal system," did not amount to excusable neglect). Appellant was aware of the action, and his actions demonstrated a complete disregard for the judicial system. Moreover, appellant demonstrated sufficient command of both the English language and the legal process when he initially filed an answer to the complaint, and when he later filed a motion for continuance indicating he intended to retain counsel. As appellant failed to present operative facts which would support a finding of excusable neglect under Civ.R. 60(B)(1), the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion for relief from judgment without holding a hearing.

{¶ 29} Based on the foregoing, appellant's second assignment of error is overruled.

{¶ 30} Having overruled appellant's second assignment of error, and finding we lack jurisdiction to address appellant's first assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____