[Cite as *Hamid v. Univ. Manors, Ltd.*, 2021-Ohio-2115.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Masud Hamid, | : | |
| Plaintiff-Appellant, | : | No. 20AP-74 |
| | | (C.P.C. No. 18CV-8042) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| University Manors, Ltd. et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 24, 2021

**On brief:** *Masud Hamid*, pro se. **Argued:** *Masud Hamid.*

**On brief:** *Taft Stettinius & Hollister LLP, James V. Maniace,* and *Jonathan N. Olivito,* for appellees Hometeam Properties LLC, Hometeam Manors LLC, UML II, LLC, and University Manors I LLC. **Argued:** *Jonathan N. Olivito.*

**On brief:** *Roetzel & Andress, LPA,* and *Stephen W. Funk,* for appellees University Manors LTD and UML I LLC. **Argued:** *Stephen W. Funk.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Masud Hamid ("appellant"), pro se, appeals from the January 6, 2020 judgment, and possibly the June 25, 2019 judgment and August 29, 2019 Order of Dismissal as to Certain Defendants, of the Franklin County Court of Common Pleas, which granted appellees' respective motions to dismiss filed pursuant to Civ.R. 12(B)(6) (June 25, 2019 and Jan. 6, 2020 Jgmts.), dismissed certain appellees from the action for failure of service pursuant to Civ.R. 4(E) (Aug. 29, 2019 Order), and denied

appellant's motion to strike appellees' motion to dismiss and motion to amend his complaint pursuant to Civ.R. 15(A) (Jan. 6, 2020 Jgmt.). [1]

{¶ 2}   Appellant has summarized his claims in paragraph 14 of the complaint, alleging that "[appellee] UML showed a model apartment to Plaintiff and later gave Plaintiff a Toxic mold apartment."  (Compl. at ¶ 14.) Appellant alleges the toxic mold caused him chest pain, a cough, and rashes, and that he was ultimately diagnosed with a "Cough, Viral Upper Respiratory Illness effecting (sic) the Bronchial tubes in the lungs, congested chest and post nasal drip" and that he was "informed by treating physician that his lungs were inflamed."  *Id.* at ¶ 17; Ex. 7.

{¶ 3}   According to the complaint, appellant moved into his apartment on or about August 17, 2017. (Compl. at ¶ 16.)   On or about August 22, 2017, he "informed management about multiple black spots on the wall behind the toilet seat and on the air-conditioning unit."  *Id.*  Appellant alleges he provided pictures and requested management "to remove the black spots."  *Id.*; Ex. 3, 4.  He further alleges "there was unit across the hallway from him that was rented to a lady, whose unit was in better condition than his unit."  *Id.*; Ex. 5, 6.

{¶ 4}   Subsequently, on September 19, 2017, appellant "had MIT[2] conduct mold testing in his unit."  (Compl. at ¶ 18.)  A maintenance man advised appellant "the black spots were not mold, but mildew."  *Id.*  Nevertheless, on or about September 20, 2017, appellant "was notified by MIT that there was a presence of high levels of mold and not to enter the subject property."  Appellant further alleges he "left all his personal belongings, and purchased a new wardrobe."[3]  *Id.* at ¶ 19.

---

[1] Appellant's Notice of Appeal specifically identifies only the January 6, 2020 judgment as the judgment from which he appeals.   In addition, the front of appellant's main brief specifies he is "appealing the MOTION DENIED and MOTION GRANTED IN PART decision entered by said trial court Administrator on the 6th of January, 2020[.]"  However, within the body of his brief, appellant quotes from the January 6, 2020 judgment entry wherein the trial court references its previous entries of June 25, 2019 and August 29, 2019 and then states "[t]he court erred in the above[.]"  Thus, it is difficult to ascertain whether appellant means the court erred in issuing the January 6, 2020 judgment, or erred in issuing the previous two entries, or erred in issuing all three of them.

[2] The actual name of the company which performed the mold inspection at appellant's request is "Mold Inspection and Testing," or "MI&T."  (*See* Compl., Ex. 13.)

[3] Notably, according to the mold inspection report prepared by MI&T, appellant was NOT advised to vacate the premises and, in fact, under the notation "Vacate Premises – Problem Spread Throughout," the box marked "NO" is checked.  In any event, as the issue before the trial court was whether the complaint should

{¶ 5} Appellant alleges that he "sent a formal letter to Defendant management informing them about high levels of toxic mold" at the apartment on or about October 12, 2017, and that on or about October 27, 2017 he "started depositing rent payment in escrow account with the court as Defendant UML did not provide a habitable place to stay." (Compl. at ¶ 20, 21.) Appellant also alleges he filed a housing discrimination complaint with HUD. *Id.* at ¶ 26; Ex. 12.

{¶ 6} Appellant filed his complaint in the CPC on September 24, 2018, asserting four causes of action: "personal injury," fraud, discrimination, and fraudulent conveyance. (*See generally* Sept. 24, 2018 Compl.).[4] Six defendants were named in the complaint, all of which are distinct entities which are represented by separate legal counsel. Roetzel & Andress, LPA represents University Manors Ltd. and UML I LLC (the "Roetzel appellees"). The remaining four entities, UML II LLC, University Manors I LLC, Hometeam Properties, LLC, and Hometeam Manors, LLC are represented by Taft, Stettinius and Hollister LLP (the "Taft appellees").

{¶ 7} When appellant filed his complaint, he requested service only on University Manors, Ltd. (*See* Trial Ct. Docket, Sept. 24, 2018 Request for Service.) Service of summons and complaint was thus made on University Manors, Ltd., but not on any of the other appellees. (*See* Oct. 2, 2018 and Oct. 9, 2018 Return Receipts for University Manors Ltd.)

{¶ 8} On October 24, 2018, despite that only University Manors Ltd. had been served, both of the Roetzel appellees filed a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6). (Oct. 24, 2018 Mot. to Dismiss.) Appellant did not file a memorandum in opposition; instead, on November 23, 2018, appellant filed an untimely motion to strike the motion to dismiss which did not include a certificate of service.

be dismissed pursuant to Civ.R. 12(B)(6), the exhibits attached to the complaint would not have been appropriately considered in this case.

[4] The complaint includes many conclusory allegations and statements concerning how appellant has been allegedly wronged by the appellees but is devoid of specific factual allegations, especially concerning how he has been damaged. The closest he comes to explaining how he has allegedly been harmed is in paragraph 38 under his claims for "personal injury" and fraud, wherein he states that he "has suffered anxiety, worry, mental and emotional distress, rash, dental issues, have to eat soft food, no longer active playing basketball, forced to eat non-Kosher meat, and unable to sit at church or meetings for long time." (Compl. at ¶ 38.) As noted above, he alleges he was diagnosed with a respiratory illness, but does not allege that it was caused by the alleged "Toxic mold." Further, although appellant is seeking actual, compensatory, and punitive damages, he fails to identify any amount of any of his damages or upon what such damages are based.

Ultimately, the trial court struck appellant's untimely motion to strike when it granted the motion to dismiss of the Roetzel appellees on June 24, 2019.  (June 24, 2019 Decision & Entry at 2.)

{¶ 9}   In the meantime, on October 29, 2018, appellant issued two subpoenas to University Manors Ltd. and Hometeam Manors LLC, one of which demanded an immediate inspection of the apartment and the other of which demanded that the two appellees "verify mold Remediation of 120 E. 13th Ave Apt J on spot when [appellant] arrives with this subpoena." (Oct. 29, 2018, 11:24 a.m. Subpoena; Oct. 29, 2018, 2:18 p.m. Subpoena.)   University Manors Ltd. and UML I LLC moved to quash the subpoenas on November 6, 2018.  Appellant neither filed a memorandum in opposition to the motion to quash, nor moved to compel the enforcement of either subpoena.

{¶ 10} The trial court did not issue a ruling on the motion to quash.  Instead, as previously noted, on June 24, 2019, the trial court granted the Roetzel appellees' motion to dismiss pursuant to Civ.R. 12(B)(6), finding that appellant had failed to state claims upon which relief may be granted and dismissing all four of the claims asserted in his complaint against the Roetzel appellees.  (June 24, 2019 Decision & Entry.)

{¶ 11} Meanwhile, service had yet to be made on any of the four Taft appellees.  On August 21, 2019, the trial court ordered appellant to request service on those four appellees[5] within five days of the date of said entry and put appellant on notice that otherwise the court would dismiss his claims without prejudice pursuant to Civ.R. 4(E).  On August 27, 2019, or six days later, appellant requested service on Hometeam Properties LLC and UML II LLC.   However, appellant did not request service on University Manors I LLC or Hometeam Manors LLC.   Accordingly, on August 29, 2019, the trial court dismissed appellant's claims against those two entities pursuant to Civ.R. 4(E), without prejudice. (Aug. 29, 2019 Order of Dismissal as to Certain Defendants.)

{¶ 12} On September 25, 2019, all four Taft appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6), despite the fact that the claims against University Manors I LLC and Hometeam Manors LLC had already been dismissed–without prejudice – by the trial court.  In their motion, the Taft appellees argued that appellant's claims against all four

---

[5] As noted above, UML I LLC was part of the motion to dismiss filed on October 24, 2018 by the Roetzel appellees; thus, UML I LLC's appearance effected a waiver of service.

entities should be dismissed with prejudice under Civ.R. 12(B)(6).  In response to the motion to dismiss filed by the Taft appellees, much like his response to the motion to dismiss filed by the Roetzel appellees, appellant filed a motion to strike the motion to dismiss, and also included a request to amend his complaint to add a new claim of "intentional tort."  (Nov. 5, 2019 Mot. to Strike with Request to Amend.)

{¶ 13}  On January 6, 2020, the trial court granted the motion to dismiss filed by the Taft appellees as to Hometeam Properties LLC and UML I LLC, and dismissed appellant's claims against those two entities with prejudice.  (Jan. 6, 2020 Decision & Entry Granting in Part the Defendants' Mot. to Dismiss filed Sept. 25, 2019 and Denying Plaintiff's Mot. to Strike with Request to Amend filed Nov. 5, 2019 at 6-7.)  However, the court denied the motion as it pertained to the previously dismissed Taft appellees University Manors I LLC and Hometeam Manors LLC because those entities were no longer part of the action.  *Id.* at 5-6.  In the same entry, the trial court denied appellant's motion to strike with request to amend.  *Id.* at 5.  The trial court identified three reasons for denying the request for leave to amend: one, the trial court found the request to amend was untimely; two, that amending the complaint would be unduly prejudicial to the Roetzel appellees which had already been dismissed from the action; and three, because appellant failed to make a prima facie showing for his proposed new claim.  (Jan. 6, 2020 Decision & Entry at 4-5.)

{¶ 14}  On February 5, 2020 appellant timely filed his appeal from the trial court's January 6, 2020 decision and entry which is now before us.  (Notice of Appeal at 1.)

{¶ 15}  We begin by observing that appellant elected to proceed pro se both in bringing this action and on appeal. It is well-settled that litigants who choose to proceed pro se "are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Rizzo-Lortz v. Erie Ins. Group.,* 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18, citing *In re Application of Black Fork Wind Energy, LLC,* 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22.  "A litigant proceeding pro se can neither expect nor demand special treatment." *Id.,* citing *Suon v. Mong,* 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 26.  "In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel." *Fields v. Stange,* 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10.

{¶ 16}  In the present case, appellant's brief is deficient in that it fails to substantially conform to the briefing requirements set forth in the Ohio Rules of Appellate Procedure and this court's Local Rules. First, appellant's brief contains no assignments of error. Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are particularly important because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16."  App.R. 12(A)(1)(b). "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding appellate courts "rule[] on assignments of error only, and will not address mere arguments").  Consequently, without assignments of error, an appellate court has nothing to review. *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16.

{¶ 17}  Because appellant has failed to set forth any assignments of error for this court's review, it is not necessary for this court to address appellant's arguments in order to affirm the trial court's judgment. *State v. Botts*, 10th Dist. No. 12AP-822, 2013-Ohio-4051, ¶ 9.  Appellate courts have discretion to dismiss appeals that fail to set forth assignments of error. *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5; *Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2.

{¶ 18}  In addition to failing to set forth any assignments of error, appellant's brief fails to include a table of contents, table of authorities, a statement of issues, a statement of the case, a statement of facts, or any arguments that are supported by proper citations to the record, all as required pursuant to App.R. 16 and Loc.R. 8(A). The failure to substantially comply with the foregoing requirements provides independent grounds for dismissal by this court. *See, e.g., McCormick v. Hsiu Chen Lu*, 10th Dist. No. 18AP-284, 2019-Ohio-624, ¶ 19-20. Indeed, Local Rule 10 specifically provides that any "noncompliance with the Appellate Rules or the Rules of this Court" shall be "deemed good cause for dismissal of an appeal." Loc.R. 10(E).

{¶ 19}  In sum, appellant has not substantially complied with the briefing requirements set forth in the Ohio Rules of Appellate Procedure and this court's Local Rules

so as to provide this court with a reviewable matter. Accordingly, we hereby dismiss this appeal.

*Appeal dismissed.*

DORRIAN, P.J. and SADLER, J. concur.

_____