[Cite as *Ward v. Ward*, 2021-Ohio-2571.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rebecca Ward, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-381 |
| v. | : | (C.P.C. No. 19DR-420) |
| Curtis Ward, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 27, 2021

**On brief:** *Marcie A. Fronefield*; *Wood & Long, LLC*, and *Brandy A. Wyatt*, for appellee.

**On brief:** *Curtis Ward*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

KLATT, J.

{¶ 1} Defendant-appellant, Curtis Ward, pro se, appeals from the July 14, 2020 "Decision and Judgment Entry Decree of Divorce" entered by the Franklin County Court of Common Pleas, Division of Domestic Relations.

{¶ 2} Defendant and plaintiff-appellee, Rebecca Ward, were married on July 17, 1981. Appellee filed a complaint for divorce on February 7, 2019. After obtaining leave from the trial court, appellant filed an answer on April 23, 2019.

{¶ 3} Trial commenced on January 15, 2020. In an order issued January 16, 2020, the trial court noted that both parties had appeared pro se and advised the court that neither had adequate information to allow the court to issue a final decision in the matter.

The court determined it to be in the best interest of the parties to continue the trial and allow the parties to obtain legal representation. In addition, the court directed appellant to file required financial affidavits on or before February 15, 2020. Appellant did not comply with this directive.

{¶ 4} Trial of the matter continued on July 9, 2020. Appellee appeared with counsel; appellant did not appear. On July 14, 2020, the trial court issued the judgment that is the subject of the present appeal. Therein, the trial court granted appellee's request for a divorce, equitably divided the parties' assets and liabilities, awarded appellee spousal support, and ordered appellant to pay a portion of appellee's attorney fees. Appellant timely appealed the trial court's judgment.

{¶ 5} Preliminarily, we note that appellant has chosen to proceed pro se both in the trial court and on appeal. It is well-settled that litigants who elect to proceed pro se " 'are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel.' " *Hamid v. Univ. Manors, Ltd.*, 10th Dist. No. 20AP-74, 2021-Ohio-2115, ¶ 15, quoting *Rizz-Lortz v. Erie Ins. Group*, 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18, citing *In re Application of Black Ford Wind Energy, LLC,* 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22. " 'A litigant proceeding pro se can neither expect nor demand special treatment.' " *Id.*, quoting *Rizz-Lortz*, citing *Suon v. Mong*, 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 26. " 'In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel.' " *Id.*, quoting *Fields v. Strange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10.

{¶ 6} Review of appellant's brief reveals that it does not conform to the briefing requirements set forth in the Ohio Rules of Appellate Procedure. First, appellant's brief does not set forth assignments of error. Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are crucial because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). " 'This court rules on assignments of error, not mere arguments.' " *Hamid* at ¶ 16, quoting *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b).

Thus, without assignments of error, an appellate court has nothing to review. *Id.*, citing *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16.

{¶ 7} Because appellant has failed to set forth assignments of error, this court need not address appellant's arguments in order to affirm the trial court's judgment. *Id.* at ¶ 17. "Appellate courts have discretion to dismiss appeals that fail to set forth assignments of error." *Id.*, citing *CitiMortgage, Inc., v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5.

{¶ 8} Further, appellant's brief does not include a table of authorities, a statement of facts with appropriate references to the record, or arguments that are supported by proper citations to the record, all as required pursuant to App.R. 16. The failure to substantially comply with the foregoing requirements provides independent grounds for dismissal by this court. *Id.* at ¶ 18, citing *McCormick v. Hsiu Chen Lu*, 10th Dist. No. 18AP-284, 2019-Ohio-624, ¶ 19-20.

{¶ 9} Moreover, even if appellant had filed a conforming brief, he has failed to file a trial transcript. Appellant argues that the trial court abused its discretion in its division of property and in granting the divorce. However, absent a trial transcript, this court cannot assess the merits of these arguments. " '[W]here there is no transcript submitted on appeal, "[t]here is a presumption that the trial court proceedings were validly conducted. Absent a complete transcript or an acceptable alternative (such as is described in App.R. 9(C)), we must presume that the trial court's decision is correct." ' " *State v. Lopez-Tolentino*, 10th Dist. No. 19AP-280, 2019-Ohio-4778, ¶ 12, quoting *Barksdale v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-297, 2017-Ohio-395, ¶ 17, quoting *Jenkins v. State Farm Mut. Auto Ins. Co.*, 10th Dist. No. 11AP-1074, 2013-Ohio-1142, ¶ 30.

{¶ 10} As appellant has not substantially complied with the briefing requirements set forth in the Ohio Rules of Appellate Procedure and has failed to file a transcript of the trial court proceedings, this court has nothing to review. Accordingly, we hereby dismiss this appeal.

*Appeal dismissed.*

DORRIAN, P.J., and BROWN, J., concur.