[Cite as *Jordan v. Trulight Church of God*, 2021-Ohio-2507.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Annie Jordan, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 20AP-500 |
| v. | : | (C.P.C. No. 20CV-4221) |
| Truelight Church of God in Christ et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on July 22, 2021

**On brief:** *Annie Jordan*, pro se.

**On brief:** *Kooperman Mentel Ferguson Yaross, Katherine Connor Ferguson and Lindsay M. Nelson*, for appellee Tyler Perry Studios LLC. **Argued:** *Katherine Connor Ferguson.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Annie Jordan ("appellant"), pro se, appeals from the October 14, 2020 judgment of the Franklin County Court of Common Pleas, which collectively granted the motion of defendant-appellee, Tyler Perry Studios, LLC, to dismiss filed pursuant to Civ.R. 12(B)(2) and (B)(6), denied appellant's motion for relief set forth in the original complaint, and dismissed appellant's complaint for failure to prosecute. (Oct. 14, 2020 Decision & Jgmt.) Appellant has also filed a motion titled "Motion to Seal All My Record from Public View," which we hereby deny. For the following reasons, we affirm.

{¶ 2}  According to appellant's original complaint filed on June 30, 2020, she is the victim of human trafficking and rape allegedly perpetrated by the "church preachers" of the defendants-appellees, which are all churches except for Tyler Perry Studios, LLC ("TPS").[1] The original complaint also includes a vague allegation of "stolen music and patents and movies" and a reference to "royalty monies."  The original complaint demanded $100 million in damages.

{¶ 3}  In her September 1, 2020 "motion for relief set forth in the original complaint," appellant represents that in addition to the human trafficking claim, "the complaint states that the Defendants also stole music, patents, writings and life stories, used her voice for legal and illegal actions" (which it doesn't state.).  In this motion she seeks $50,000 in "restitution" from appellee Truelight Church of God in Christ ("Truelight") and $1 trillion from each of the other three church defendants.  She does not state she is seeking damages from TPS.

{¶ 4}  Prior to appellant's filing of her September 1, 2020 motion, on August 26, 2020, the court issued an order denying appellant's August 10, 2020 motion for default judgment against all defendants based on prematurity and further ordering appellant to file an amended complaint "in order to adequately state a claim for relief."  (Aug. 26, 2020 Decision & Entry at 3.)  The court stated that unless such amended complaint was filed within 21 days of the order, the complaint would be dismissed without prejudice.  *Id.* Instead of filing an amended complaint, appellant filed her September 1, 2020 motion for relief set forth in the original complaint discussed above.

{¶ 5}  On September 15, 2020, TPS filed a motion to dismiss and/or memorandum contra motion for relief set forth in the original complaint pursuant to Civ.R. 12(B)(2) and (B)(6).  In it, TPS argued that one, the trial court did not have personal jurisdiction over TPS, and two, the complaint failed to state a claim against TPS upon which relief may be granted.  Appellant did not respond to the motion of TPS.

{¶ 6}  On October 14, 2020, the trial court entered a decision and judgment denying appellant's motion filed on September 1, 2020; granting the motion of TPS to dismiss; and dismissing the complaint, without prejudice, as against all defendants-

---

[1] TPS is the only defendant-appellee to file a brief in this appeal.

appellees for failure to prosecute the case in accordance with the court's order dated August 26, 2020.

{¶ 7} On October 28, 2020 appellant timely filed her appeal from the trial court's October 14, 2020 judgment, which is now before us.

{¶ 8} We begin by noting that appellant elected to proceed pro se both in bringing this action and on appeal. It is well-settled that litigants who choose to proceed pro se "are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Rizzo-Lortz v. Erie Ins. Group.,* 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18, citing *In re Application of Black Fork Wind Energy, LLC,* 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22. "A litigant proceeding pro se can neither expect nor demand special treatment." *Id.,* citing *Suon v. Mong,* 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 26. "In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel." *Fields v. Stange,* 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10.

{¶ 9} In the present case, we first observe that appellant's brief is deficient in that it fails to substantially conform to the briefing requirements set forth in the Ohio Rules of Appellate Procedure and this court's Local Rules. Most egregious of these deficiencies is that appellant's brief contains no assignments of error. Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are particularly important because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda,* 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, quoting App.R. 12(A)(1)(b); *Williams v. Barrick,* 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding appellate courts "rule[] on assignments of error only, and will not address mere arguments"). Consequently, without assignments of error, an appellate court has nothing to review. *Luke v. Roubanes,* 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16. Because appellant has failed to set forth any assignments of error for this court's review, it is not

necessary for this court to address appellant's arguments in order to affirm the trial court's judgment. *State v. Botts*, 10th Dist. No. 12AP-822, 2013-Ohio-4051, ¶ 9.

{¶ 10} Moreover, we agree with the trial court's finding that it lacked personal jurisdiction over TPS.  As the trial court aptly stated, "TPS does not operate in Ohio and it does not have a physical presence in Ohio.  Further, the complaint is devoid of any factual allegations that even suggest the Court has personal jurisdiction over TPS."  (Oct. 14, 2020 Decision & Jgmt. at 2.)  As argued by TPS in its brief, there are no allegations in the complaint which would permit the trial court to exercise personal jurisdiction over TPS, a non-resident, under either Ohio's long-arm statute, codified as R.C. 2307.382, or the Fourteenth Amendment of the U.S. Constitution.  *See Kauffman Racing Equip., LLC v. Roberts*, 126 Ohio St.3d 81, 85, 2010-Ohio-2551, ¶ 28.  Indeed, other than naming TPS as a defendant in the case caption, the complaint contains no other references to or allegations concerning TPS or its activities anywhere, much less in Ohio.  Thus, dismissal of appellant's claims against TPS was entirely appropriate.

{¶ 11} In short, the trial court correctly found it did not have personal jurisdiction over TPS; therefore, appellant's complaint against TPS was properly dismissed pursuant to Civ.R. 12(B)(2) and Civ.R. 12(B)(6).  Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Appellant's motion to seal is denied.*
*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

_____