[Cite as *Reese v. Reese*, 2023-Ohio-360.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| George L. Reese, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 22AP-309 |
| v. | : | (C.P.C. No. 13DR-4112) |
| Acrila L. Reese, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 7, 2023

**On brief:** *Thomas M. McCash*, for appellant. **Argued:**
*Thomas M. McCash*.

**On brief:** *Acrila L. Reese*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, J.

{¶ 1} Plaintiff-appellant, George L. Reese, appeals the May 2, 2022 decision and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting in part Acrila L. Reese's, defendant-appellee, objections to the decision of the magistrate filed April 1, 2021, and denying appellant's motion to modify the shared parenting plan. Because we find the trial court did not abuse its discretion, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellant and appellee were married on July 12, 2003 and had one child born on April 25, 2009. On November 5, 2013, appellant filed a complaint for divorce from appellee. On June 17, 2014, the parties filed a Shared Parenting Plan ("2014 Shared Parenting Plan") for the care and custody of their child. The trial court issued a judgment entry-decree of divorce ("Divorce Decree") on September 5, 2014, which adopted the 2014

Shared Parenting Plan. At the time of the trial court's Divorce Decree, both parties resided in Franklin County; however, the trial court noted in the Divorce Decree that appellee planned to move to Chicago. The 2014 Shared Parenting Plan designated appellee as the primary residential parent for school purposes. Additionally, appellant agreed to "assume all expenses related to the transportation of the child back and forth between Chicago, IL and Columbus, OH." (Divorce Decree at 8.) Upon agreement by both parties, the child relocated to Chicago, Illinois with appellee. On May 17, 2017, appellant filed a motion to modify child support. In addition to requesting a change in the private health insurance orders of the 2014 Shared Parenting Plan, appellant requested his child support be changed to $0 based on the costs he incurred traveling back and forth from Columbus to Chicago. The motion was referred to a magistrate who found, based on appellant's testimony, a change of circumstances warranted a modification of the child support orders. On February 16, 2018, the trial court adopted the magistrate's decision and granted appellant's motion and ordered appellant be reimbursed by appellee for one-half of his travel expenses necessary to exercise parenting time each month, not to exceed $100 per month.

{¶ 3} Subsequently, on August 6, 2019, appellant filed a motion for emergency custody following an incident in the Bahamas which occurred while appellee and the child were on vacation. Appellee was detained by Bahamian law enforcement authorities for use of corporal punishment against the child who was aged ten at the time. The Bahamas Department of Social Services contacted appellant, who retrieved the child from the Bahamas. On August 8, 2019, appellant filed a motion to modify the 2014 Shared Parenting Plan. On August 9, 2019, the trial court filed an interim order which granted appellant's emergency custody order and made him the child's temporary residential parent and legal custodian. Attorney Necol Russell Washington, who previously had been appointed as the child's guardian ad litem ("GAL"), was re-appointed as the child's GAL on August 23, 2019. On February 26, 2020, the GAL submitted his report which recommended what essentially amounted to a role reversal of the 2014 Shared Parenting Plan, to designate appellant as the primary residential parent.

{¶ 4} The motion to modify the 2014 Shared Parenting Plan was referred to a magistrate and the magistrate held a hearing. The magistrate also conducted an in-camera interview of the child. On April 1, 2021, the trial court adopted the magistrate's decision which granted appellant's motion to modify the shared parenting plan. The magistrate

determined the incident in the Bahamas amounted to abuse and, as such, constituted a change of circumstance. The magistrate's decision designated appellant as primary residential parent. Appellee filed timely objections to the decision of the magistrate on April 14, 2021.

{¶ 5} The trial court held a hearing on the objections on January 12, 2022. Subsequently, the trial court conducted an in camera interview of the child on January 18, 2022 in the presence of the GAL. On May 2, 2022, the trial court filed a decision and entry which granted in part appellee's objections to the decision of the magistrate and denied appellant's motion to modify the 2014 Shared Parenting Plan.

## II. Assignments of Error

{¶ 6} Appellant appeals and assigns the following three assignments of error for our review:

> [I.] THE DECISION OF THE TRIAL COURT IN OVERTURNING THE MAGISTRATE'S DECISION OF APRIL 1, 2021 IS TANTAMOUNT TO AN ABUSE OF DISCRETION AND IS UNREASONABLE, ARBITRARY OR UNCONSCIONABLE AS THE COURT IGNORED ALL THE FACTORS OF R.C. 3109.04, DETERMINED THAT THE MAGISTRATE PROPERLY DETERMINED FACTUAL ISSUES AND APPROPRIATELY APPLIED THE LAW, AND SUBSEQUENTLY SUBSTITUTED ITS OWN JUDGMENT FOR THAT OF THE MAGISTRATE SOLELY ON THE WISHES OF THE CHILD.
>
> [II.] THE TRIAL COURT IN OVERTURNING THE MAGISTRATE'S DECISION REINSTATED THE ORIGINAL SHARED PARENTING PLAN AND IGNORED THE MODIFICATION THAT WAS ISSUED ON FEBRUARY 16, 2018.
>
> [III.] DEFENDANT'S COUNSEL ARGUED FOR THE COURT TO ESSENTIALLY TO INVOKE THE TENDER YEARS DOCTRINE AS A BASIS FOR OVERTURNING THE MAGISTRATE'S DECISION.

## III. Role of the Trial Court in Considering Objections to a Magistrate's Decision

{¶ 7} We begin our discussion focusing on the role of the trial court when objections are filed to a magistrate's decision. Civ.R. 53(D)(4) states in relevant part:

(a) *Action of court required.* A magistrate's decision is not effective unless adopted by the court.

(b) *Action on magistrate's decision.* Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate.

\* \* \*

(d) *Action on objections.* If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

## IV. Standard of Review

{¶ 8} "When reviewing the propriety of a trial court's determination in a domestic relations case, an abuse of discretion standard is used." *Pallone v. Pallone*, 10th Dist. No. 17AP-409, 2017-Ohio-9324, ¶ 10. "A trial judge's determination under R.C. 3109.04 that warrants a change of custody should not be disturbed absent an abuse of discretion." *Williams v. Sardari*, 10th Dist. No. 14AP-761, 2015-Ohio-2495, ¶ 8, citing *Davis v. Flickinger*, 77 Ohio St.3d 415 (1997). "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). "Modifications to a shared parenting plan are likewise reviewed under an abuse of discretion standard." *Rankin* at ¶ 11.

{¶ 9} " 'The term "abuse of discretion" \* \* \* implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Williams* at ¶ 9, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## V. Analysis

{¶ 10} Appellant's first and third assignments of error allege the trial court abused its discretion in its allocation of parental rights and responsibilities for the care of the minor

child. R.C. 3109.04(E) governs cases where a party is requesting to modify the terms of the parties' shared parenting plan. *Rankin* at ¶ 13.

{¶ 11} R.C. 3109.04(E)(1)(a) states in relevant part:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
>
> * * *
>
> (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 12} "[The] modification of the designation of residential parent and legal custodian in a shared-parenting plan is a modification of the decree allocating parental rights and responsibilities, which requires a change-in-circumstances finding under R.C. 3109.04(E)(1)(a)." *Bruns v. Green*, 163 Ohio St.3d 43, 2020-Ohio-4787, ¶ 19, citing *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, ¶ 26. Furthermore, the party seeking modification bears the burden of proof in showing the modification is in the child's best interest. *Johnson-Wooldridge v. Wooldridge*, 10th Dist. No. 00AP-1073 (July 26, 2001). " 'The legislature, through R.C. 3109.04, concerning the allocation of parental rights and responsibilities for the care of children, or "shared parenting," seems to instruct that once allocation is established, whether by decree (declaring that shared parenting shall occur) or according to a plan (implementing the decree or order), changing it is presumed to be ill-advised unless it can be established foremost that the change will be in the best interest of the children.' " *Rankin* at ¶ 27, quoting *Myers v. Wade*, 10th Dist. No. 16AP-667, 2017-Ohio-8833, ¶ 10. In such cases, the best-interest standard applies, requiring the examination of circumstance as guided by the non-exclusive best interest factors articulated in R.C. 3109.04(F). *See Rankin* at ¶ 15. R.C. 3109.04(F)(1) states:

In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the

subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

{¶ 13} In applying R.C. 3109.04(E)(1) and (F)(1), the trial court noted that it largely agreed with the magistrate's recitation of the facts, except as to several pertinent findings of the magistrates. The trial court did not agree and did not adopt the magistrate's findings that the Bahamas incident was tantamount to abuse and exceeded reasonable corporal punishment. The court did not adopt the magistrate's finding that the Bahamas incident was not the first incident of abuse. Rather, the court noted that in its own in camera interview with the child, she indicated she remembered very little about the incident, "nobody got slapped, hit or anything," that other passengers overreacted, and she was more upset by being separated from her mother by the authorities and having to spend the night in a Bahamian group home. (Decision at 8.) The trial court did not adopt the magistrate's findings that the child expressed only a "slight" preference for residing with her mother. (Decision at 10.) Rather, the court noted that its review of the transcript from the magistrate's in camera interview with the child revealed the child's clear preference for living with her mother and the child expressed she felt "equally safe" with both parents. (Decision at 6.) The court further noted that in its own in camera interview with the child, the child expressed she wished to return to live primarily with her mother. The court noted the child expressed that her relationship with her father was fine and they have many "good times" together. (Decision at 9.) However, father is now remarried and the household in which the child resides with father has expanded with step-mother, step-grandmother, and two half-siblings.

{¶ 14} Ultimately, the trial court could not conclude that the Bahamas incident represented a change in circumstances.  Also, taking into consideration the new living situation after father's remarriage, the trial court could not conclude that having the child permanently live with father was in her best interest.  Finally, the court could not conclude that "any harm likely to befall [the child] override[s] [her father] continuing to so serve [as residential parent]." (Decision at 10.) The court found that "the totality of the circumstances in this case in addition to the best interests of the minor child support the conclusion that the child should principally reside with her mother ([appellee]) in Chicago and [appellant] shall enjoy parenting time pursuant to the June 17, 2014 Agreed Shared Parenting Time, which the Court reinstates, except as modified by the April 1, 2021 Magistrate Decision to the extent outlined herein."  (Decision at 11.)

{¶ 15} Appellant argues the trial court ignored the factors of R.C. 3109.04 in its decision.  However, appellant does not specifically challenge the trial court's determination that the incident in the Bahamas did not qualify as a change of circumstance such that the trial court could modify the 2014 Shared Parenting Plan incorporated into the Divorce Decree.  As such, this court need not determine whether the trial court properly considered the change of circumstance factor in its decision.

{¶ 16} Instead, appellant's argument focuses on the trial court's analysis of the child's best interest as the basis of his assertion of abuse of discretion.  Appellant claims the trial court erred by "substitut[ing] its own judgment" for that of the magistrate. (Appellant's Brief at 9.)   However, appellant relies on an incorrect understanding of the trial court's role in this matter.  By independently reviewing the magistrate's decision and exercising independent judgment, the trial court acted as directed by Civ.R. 53.

{¶ 17} Appellant argues the trial court did not afford proper deference to the decision of the magistrate.  However, the trial court is the trier of fact in the determination of parental rights and obligations.  *See Williams*, 2015-Ohio-2495, at ¶ 8.  As noted previously, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an *independent review* as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  (Emphasis added.) Civ.R. 53(D)(4)(d).  In fact, this court "has * * * rejected the argument that the trial court should act as a deferential reviewing court in addressing objections." *Holland v. Holland*,

10th Dist. No. 97APF08-974 (Jan. 29, 1998). Here, appellant's argument that the trial court was "essentially the reviewing court" is inaccurate as it relates to the trial court's role. (Appellant's Brief at 21.)  The trial court is not an appellate court and is therefore not held to the more deferential standard of abuse of discretion.  Instead, the trial court independently reviews magistrate decisions.  " 'Civ.R. 53 contemplates a trial court's making an independent analysis of the underlying issues in the [magistrate's decision]. Thus, the trial court must undertake the equivalent of a de novo determination, in light of any filed objections, when independently assessing the facts and conclusions contained in the [magistrate's decision].' " *Holland*, quoting *DeSantis v. Soller*, 10th Dist. No. 89AP-1374 (Nov. 8, 1990). Here, the trial court agreed with and disagreed with some of the magistrate's findings and conclusions.  Notably, as to the magistrate's findings and conclusions with which the trial court disagreed and did not adopt, the trial court determined the facts presented did not show that the incident in the Bahamas indicated a change in circumstance, nor would the appointment of appellant as the primary residential parent summarily be in the best interest of the child.

{¶ 18} In mischaracterizing the trial court's role, appellant erroneously asserts the magistrate was better situated to make factual findings.  However, as the ultimate trier of fact, the trial court can fully rely on the record and all evidence, including transcripts, when determining judgment.  The trial court can also hear additional evidence. "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification.  A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."  Civ.R. 53(D)(4)(b). In fact, the trial court in the present case did hear additional evidence, having conducted an evidentiary hearing and another in camera interview of the minor child prior to issuing its decision.

{¶ 19} The trial court indicated that in addition to applying R.C. 3109.04(E)(1) and (F)(1), it applied R.C. 3109.051.  R.C. 3109.051(C) states in relevant part:

> In * * * resolving any issues related to the making of any determination with respect to parenting time or visitation rights or the establishment of any specific parenting time or visitation schedule, the court, in its discretion, may interview in chambers any or all involved children regarding their wishes and concerns.

Furthermore, R.C. 3109.04(B)(1) states in relevant part:

When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.

The trial court here independently reviewed the transcript from the magistrate's in camera interview with the child and also conducted its own in camera interview with the child on January 18, 2022, 14 months after the magistrate conducted his in camera interview on November 20, 2020. The trial court did not abuse its discretion by making an independent determination as to whether modifying the 2014 Shared Parenting Plan was in the child's best interest.

{¶ 20} Appellant's third assignment of error contends appellee erred in urging the trial court to rely on the "tender years doctrine." (Appellant's Brief at 24.) The assignment of error itself focuses on the arguments made by appellee's counsel, but does not allege the trial court relied on the tender years doctrine in making its decision. Rather, appellant argues the trial court erred by relying too heavily on the child's word when determining what would be in the child's best interest. Appellant argues "[the trial court] concentrates primarily on the choice of the minor child and substitutes [its] opinion that a minor child, a female, should be raised by her Mother because of the minor child[']s current choice and that such choice outweighs all other factors, testimony and evidence presented [in] this case."[1] (Appellant's Brief at 25.) This assignment of error serves simply to elaborate on the first assignment of error alleging again that the trial court abused its discretion.

---

[1] In his reply brief, appellant argues the court did not consider evidence of parental alienation. However, that is not the allegation of error in the assignment of error. Nor was such alleged error raised in the merit brief. "This court rules on assignments of error, not mere arguments." (Internal quotations omitted.) *Jordan v. Truelight Church of God in Christ*, 10th Dist. No. 20AP-500, 2021-Ohio-2507, ¶ 9, quoting *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, quoting App.R. 12(A)(1)(b); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding appellate courts "rule[] on assignments of error only, and will not address mere arguments").

{¶ 21} In reviewing the trial court's best-interest determination and the factors on which it relied, we do not find the trial court abused its discretion. To reiterate, the trial court's charge was to review whether modifying the 2014 Shared Parenting Plan to permanently, rather than on an emergency basis, assign appellant, rather than appellee, as the primary residential parent was prompted by a change in circumstance that would be in the best interest of the child. The trial court expressly considered in its decision the Bahamas incident which prompted the emergency motion to modify, the expressed wishes of the child made during in camera interviews with the magistrate and trial court, as well as the child's new living situation with father as a result of his remarriage. We also note the trial court stated "[f]ailure to mention a specific fact, testimony or evidence does not mean it was not considered by the Court." (Decision at 5.)

{¶ 22} The trial court's decision reveals the court's concern with the child's safety. First, the trial court pointed out that the Bahamas incident occurred three years prior, in 2019. Second, the court pointed out that since that time, any restrictions on appellee's time with the child had been loosened to the point of non-existence, indicating a lack of concern over the child being in the unsupervised presence of appellee. The trial court also took the child's age into consideration, concluding that at age 13, the child was able to self-protect in case of any emergency. Finally, the trial court did not consider the Bahamas incident ongoing, instead finding the emergency which had initiated appellant's motion to modify the 2014 Shared Parenting Plan had "long since abated." (Decision at 9.)

{¶ 23} Taking all this into consideration, we cannot find the trial court abused its discretion in granting in part appellee's objection to the magistrate's decision and in denying appellant's motion to modify the shared parenting plan. Accordingly, we overrule the first and third assignments of error.

{¶ 24} Appellant's second assignment of error asserts the trial court's decision ignored a February 16, 2018 modification to the 2014 Shared Parenting Plan. This argument is not well-taken for several reasons. First, the trial court expressly stated it was vacating the magistrate's orders as to transportation costs. Second, the trial court's decision explicitly states that "[a]ll prior Court orders not modified herein shall remain in full force and effect." (Decision at 11.) Vacating the transportation provision in the magistrate's

order does not modify or terminate a previous order of the trial court. Therefore, the February 16, 2018 modification to the 2014 Shared Parenting Plan is still in full force and effect:

> **Reimbursement for Travel Associated with Parenting Time.** Father shall be reimbursed for one half of his travel expenses necessary to exercise parenting time each month, not to exceed $100.00 per month. Within 14 days of the completion of father's parenting time, father shall provide mother with receipts relating for his travel expenditures, including but not limited to airfare, gasoline expenses, lodging and food. Mother shall reimburse father for one half of his travel, not to exceed $100 per month, within 14 days of receipts of father's travel expenditures.

{¶ 25} As such, there exists no reason to remand the case back to the trial court. Taking all this into consideration, we find, as it pertained specifically to transportation costs, that the trial court reinstated the original Shared Parenting Plan as modified on February 16, 2018. Accordingly, we overrule the second assignment of error.

## VI. Conclusion

{¶ 26} For the aforementioned reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

BEATTY BLUNT, P.J., and LUPER SCHUSTER, J., concur.